GEORGE W. JONES *versus* JOSEPH H. FLETCHER & *als.*

The description in a warrant of a place to be searched should be as certain as would be necessary in a deed to convey such place. Thus, where a warrant commands an officer to search for liquors in a "*dwellinghouse,*" he is not thereby authorized to search in a *barn.*

If a complaint or warrant issued under the statute of 1853, c. 48, does not show that the justice took the testimony of witnesses as required by section 11, of that statute, the warrant is void, and cannot justify the officer serving it.

Notwithstanding the provisions of the statute of 1851, c. 211, § 16, an action at law may be maintained for liquors, when they were not liable to seizure and forfeiture, or intended for sale in violation of law.

ON REPORT from *Nisi Prius,* MAY, J., presiding.

The facts of the case are fully stated in the opinion of the Court.

*Lancaster,* for plaintiff.

The plaintiff, at the time of the alleged trespass, had in his custody as an officer, a large amount of liquors, which, if not condemned and destroyed by due course of legal procedure, he was holden to restore to the rightful owners. The law has been repealed, upon which they were taken, and he must now either return them to the owners upon demand, or pay their value in money. While he thus held them, the defendants forcibly broke open his barn where they were stored and took them away.

The defendants justify this taking by a warrant.

The plaintiff objects to the admission of this warrant:—

*First.* That it did not *authorize* the *searching the barn.* The authority to search was *expressly limited* to the *house.*

*Second.* Because the warrant was without a seal, and consequently void.

*Third.* It does not show that the necessary preliminary steps had been taken.

If it was bad for either of the above reasons, then it should not be admitted as a ground of justification, and both it, and all evidence under it, should be ruled out.

*J. Baker,* for defendants.

The taking by defendants being established, what is the defence ?

Fletcher, one of defendants, was constable of Augusta, and the other defendants were his aids. Fletcher had a warrant from the municipal judge of Augusta, and by virtue of that he did the acts complained of. This is a sufficient justification, unless there are such defects in the warrant as will render it invalid. Are there any such defects ?

1. It may be said that the preliminary oath, to authorize the search of a dwellinghouse, is not recited in the process. But the case finds that in fact it was made, and we contend that for the protection of the officer that is sufficient.

2. It may be said that the warrant does not authorize the search of the barn. The language is, " in a certain dwellinghouse in said city of Augusta, and occupied by George W. Jones, being situate on Winter street, so called, and being the same *premises* occupied by said Jones." The house, ell and barn are all one continuous building, and by the use of the word, " dwellinghouse," in a deed, the whole premises would pass, and the description in a warrant need not be any more certain. 17 Maine, 263 ; 31 Maine, 346 ; 33 Maine, 564 ; R. S., c. 81, § 5.

But if there was any doubt about the word " dwellinghouse" including the barn, there can be none about the word "premises," including all the buildings and the lot of land on which they stand, and which is used with them.

3. Since this is an action of trespass for the original break-

ing, entering and taking, the subsequent proceedings and discharge of the liquors by the Judge can have no effect. They might have had, if the action had been trover, after the refusal to deliver on the order of the Judge.

MAY, J. — This is an action of trespass *quare clausum*, in which the plaintiff claims to recover of the defendants for breaking and entering his close, being a barn, situate in Augusta, in January, 1854, and carrying away a quantity of spirituous liquors, as set forth in his writ. The general issue was pleaded and joined; and a brief statement filed, in which it is alleged that the defendant Fletcher was, at the time of the breaking, a constable of Augusta, and that he had a warrant in due form, issued by the municipal judge of said Augusta, in the execution of which, he and the other defendants, acting as his aids, did the acts complained of. That the acts alleged are proved is not denied; and the principal question is, whether the defendants are justified in what they did, by legal process.

The warrant commands the officer holding it to search for certain liquors mentioned therein, "in a certain dwelling-house in said city of Augusta, situate on Winter street, so called, and being the same *premises* occupied by said Jones." It contains no direct authority to search the plaintiff's barn. The barn does not come within the terms used as descriptive of the place to be searched. If the words used in the warrant had been used in a deed of conveyance, there is no evidence in the case tending to show that the barn which was broken into was so connected with the dwellinghouse then occupied by the plaintiff, that it could with legal propriety be regarded as passing to the grantee under such description. The description of the place to be searched should be as certain in a warrant as would be necessary in a deed to convey such place. *State* v. *Robinson*, 33 Maine, 564. The words in the warrant, "and being the same *premises* occupied by said Jones," can have no effect to include in the description any premises in the occupation of said Jones, other than

the dwellinghouse to which they apply. They would not in a deed serve to enlarge the grant.

If, however, the words of description in the warrant could properly be so extended as to embrace the plaintiff's barn, still, inasmuch as it does not appear by the complaint or warrant, that the municipal judge, before issuing said warrant, took the testimony of witnesses, as required by the statute of 1853, c. 48, § 11, the warrant, as is settled in the case of *State* v. *Staples*, 37 Maine, 228, is void, and therefore affords no justification to the officer. See also *State* v. *Carter*, 39 Maine, 262.

In the view of the case which we have taken, it becomes unnecessary to determine whether the warrant when issued was under seal or not.

It was further contended at the hearing and set forth in the specifications of defence, that the plaintiff ought not to recover, because he held said liquors with intent to sell the same in violation of law within this State. That an action at law may be maintained for such liquors, notwithstanding the provisions of the statute of 1851, c. 211, § 16, now repealed by the statute of 1856, c. 255, § 28, when such liquors were not liable to seizure and forfeiture, or intended for sale in violation of law, has been settled by this Court. *Preston & al.* v. *Drew*, 33 Maine, 558; *Nichols* v. *Valentine*, 36 Maine, 322. In the present case, we do not find sufficient evidence that the plaintiff held such liquors with any intent to violate the law, or for any criminal purpose. He did not purchase them. They came into his hands as an officer of the law; at least he was such *de facto*, and although he may have been somewhat remiss in the performance of his official duties, we cannot, considering the obligations which were upon him to act in conformity to law, regard him as having any criminal intention in relation to these liquors, without satisfactory proof. There is, therefore, no reason why the plaintiff is not entitled to recover the damages he has sustained.

The only remaining question is that of damages. The plaintiff was not, as the testimony shows, the actual owner of

the liquors taken by the defendants. His property in them was but special. He may be liable over to the general owner, and there is testimony tending to show that in one instance judgment has been recovered against him for a part of them. It cannot be doubted that a considerable portion of the liquors, before the taking, had been condemned as forfeited to the State and ordered to be destroyed in conformity to law. There was some evidence that two or three casks of them were very good liquors, and the rest of a poor quality. The quantity taken and the value of them does not clearly appear. The plaintiff should be placed in a condition so as not to suffer loss by the wrongful acts of the defendants; but he is entitled to nothing more than a fair indemnity or compensation. The burden is upon him to show the extent of his damages; and the fact that a considerable portion of the liquors had been adjudged forfeited and ordered to be destroyed, may properly be taken into consideration in the assessment of the damages, which are to be assessed by the clerk according to the agreement of the parties. *Defendants defaulted.*

TENNEY, C. J., and RICE, (except as to damages,) HATHAWAY, and CUTTING, J. J., concurred.