STATE *versus* THOMAS S. BARTLETT, *Appellant.*

In the allegation in a complaint of the time when an offence was committed, the word "year," by force of R. S., c. 1, § 4, rule 11, will be construed as meaning "year of our Lord."

In a complaint and warrant for searching a certain place for intoxicating liquors kept and deposited for illegal sale, the description of the place to be searched is sufficiently certain, if it be such as would be required in a deed to convey a specific parcel of real estate.

Where the complaint described the premises as formerly owned by A, and the warrant as formerly owned by B, the repugnant words will be rejected as unimportant, if, independent of them, the description given is sufficient clearly to designate the place to be searched.

Where intoxicating liquors are alleged in the complaint and warrant to be kept and deposited in a certain "south store," and such liquors are, on search, found in a chamber or second story over the same store, instructions to the jury that they would judge from the evidence in the case, with *their knowledge and experience as practical men* as to how stores on the ground floor and rooms over them are generally used by merchants, whether the chamber or second story was in fact a part of the said store, is erroneous, as susceptible of being construed to authorize the jury to act upon their own knowledge or experience as evidence.

THIS is a complaint and warrant for search and seizure, under the Act of 1858, for the suppression of drinking houses and tippling shops, § 14. The complaint was made to the Municipal Court for the city of Augusta, and warrant issued, Oct. 14, 1859. The case was tried in that Court, and judgment given against the defendant, from which he appealed.

On trial of the appeal before MAY, J., Nov. term, 1859, the defendant's counsel moved the Court to quash the complaint and warrant, because, 1st, that it was not sufficiently alleged in the complaint, when the defendant deposited and kept intoxicating liquors for sale; 2d, that the warrant was issued without any sufficient complaint being first made to the magistrate; and 3d, that the description of the place to be searched, as set forth in the complaint, was not specifically described in the warrant.

The motion was overruled, and the defendant excepted.

The complaint set forth, that certain competent persons

State *v.* Bartlett.

named therein, "on the fourteenth day of October in *the year eighteen hundred and fifty-nine*, in behalf of said State, on oath, complain, that they believe that on the first day of April *in said year*, at said Augusta, intoxicating liquors were and still are kept and deposited by Thomas S. Bartlett of Augusta, in said county, in the south store in the brick building situate on the east side of Water street in said Augusta, formerly owned by Arno Bittues, deceased, said south store in said building being now occupied by said Thomas S. Bartlett, and the cellar under said south store," &c.

The warrant described the place to be searched for intoxicating liquors alleged to be kept and deposited by the defendant for unlawful sale, in the same words used in the complaint, except that the name of the former owner was designated as "Arno *A.* Bittues."

The evidence for the government tended to show that certain intoxicating liquors were found, by the officer serving the warrant, in the second story of the south half of a brick building on the east side of Water street in Augusta, and that the south store, on the ground floor in the said building, was occupied by Bartlett; and there was evidence tending to show that there was a passage, by stairs, from the ground floor to the second story, where the said liquors were found, and that the said second story was occupied by the said Bartlett for the purpose of storing and keeping the said liquors and other goods similar to those in the lower story.

The defendant's counsel contended that it was incumbent upon the government to prove that the liquors were kept and deposited by the defendant in the precise place described in the complaint; that the chamber, or second story, where the liquors were found, was not part of the said south store; and that the government must prove that the building in which the liquors were kept, deposited and found, was formerly owned by Arno Bittues, as described in the complaint.

On these points, the Court instructed the jury, in substance, that it was incumbent on the government to prove that intoxicating liquors were kept and deposited by the defendant in

the precise place described in the complaint; that the officer serving the warrant would be confined in his search to the said place, and that, in order to be entitled to a verdict against the defendant, the jury must be satisfied from the evidence, beyond a reasonable doubt, that the said second story, or chamber was, in fact, a part of the said south store; and that they would judge from the evidence in the case, with their knowledge or experience as practical men, as to how rooms or stores on the ground floor and the rooms above in the second story are generally used by merchants, whether the said second story or chamber was, in point of fact, a part of the south store described in the complaint; that the government must satisfy the jury that the building in which the liquors were found was the same building described in the complaint; but that it was not incumbent upon the government to prove that the said building was formerly owned by Arno Bittues, as alleged in the complaint, if they were satisfied, from the other description in the complaint, testified to by the witnesses, that the building in which the said liquors were deposited and found, was, in point of fact, the same building described in the complaint.

The verdict was against the defendant; and to the foregoing rulings and instructions the defendant excepted.

The defendant, in his own proper person, after verdict against him, and before judgment, moved the Court that judgment on the verdict should be arrested, and he discharged therefrom, for the following reasons: —

1. Because it was not sufficiently alleged in the complaint when the defendant kept and deposited the said intoxicating liquors for sale.

2. Because the warrant, on which the search was made, and by virtue of which the liquors were seized and the defendant arrested, was issued by the Judge of the Municipal Court for said Augusta, without any sufficient complaint having been made to the said Judge, as the statute requires.

3. Because the place to be searched, where intoxicating liquors are alleged to have been deposited and kept, as de-

scribed in the complaint, is not specifically described in the warrant, but the place which the officer is commanded to search, by the said warrant, is a place other than that specifically described in the said complaint.

This motion was overruled by the Court; and the defendant excepted thereto.

*A. Libbey*, in support of the exceptions.

1. The instruction to the jury, "that they would judge from the evidence in the case, with their knowledge or experience as practical men, as to how rooms on the ground floor and rooms above in the second story are generally used by merchants, whether the said second story or chamber was, in point of fact, a part of said store," was erroneous, in authorizing the jury to find from their knowledge or experience as to how merchants generally use stores.

If jurors know facts bearing upon the issue to be tried, they must testify to them under oath as other witnesses. *Manley* v. *Shaw*, Carr. & Marsh., 361; *Anderson* v. *Barnes*, Coxe, 203; *McKain* v. *Love*, 2 Hill, 506; *Clark* v. *Robinson*, 5 B. Munroe, 55.

In a criminal case, the accused has a right to be confronted by the witnesses against him. Const. of Maine, Bill of Rights, § 6; *State* v. *Robinson*, 33 Maine, 564.

2. The instruction "that it was not incumbent upon the government to prove that the said building was formerly owned by Arno Bittues, as alleged in the complaint," was erroneous. The Constitution of this State, Bill of Rights, and the Act of 1858, § 14, require the place to be searched to be specially designated in the complaint and warrant. The description is material, and must be proved as alleged. It is as material in this process, as the description of the thing stolen in an indictment for larceny. *State* v. *Noble*, 15 Maine, 476; *State* v. *Jackson*, 30 Maine, 29.

3. The complaint and warrant are defective, and judgment should be arrested. The complaint does not sufficiently allege the time of the commission of the offence. *Commonwealth* v. *Mc'Loon*, 5 Gray, 91.

The complaint describes the place to be searched as the south store, &c., formerly owned by *Arno Bittues.* The warrant describes the place as the south store, &c., formerly owned by *Arnó A. Bittues.* The Act of 1858, § 14, requires the special designation of the place to be searched to be set out in the *complaint* and *warrant.* The description is material and should be the same in both.

By the warrant, the officer is commanded to search a place other than the place described in the complaint. There was no complaint praying for a warrant to search the place designated in the warrant, and, therefore, the warrant was issued without any lawful complaint therefor.

*Drummond, Attorney General, contra.*

1. The place to be searched is sufficiently described. The description must be as certain as that in a deed. *State* v. *Robinson,* 33 Maine, 564. In the description in the warrant the place is sufficiently described, without referring to the former ownership. If so, the case comes within the maxim, *Falsa demonstratio non nocet.*

2. To the objection that the era to which the year refers is not stated, the answer is, that this is the form prescribed in the statute, and, by the Revised Statutes, the word " year" is to be construed as " year of our Lord," when used as a date. R. S., c. 1, § 4, clause 11.

3. The instructions to the jury were substantially correct. Juries are presumed to know what every body knows, and are expected to act upon that knowledge. *Comm.* v. *Peckham,* 2 Gray, 514.

This was the purport of the instructions given to them on this point.

The opinion of the Court was drawn up by

RICE, J.—Objections are made, in a motion to quash, and also in a motion in arrest of judgment, to the complaint and warrant in this case. It is objected that the complaint, which described the offence as having been committed in the year " eighteen hundred and fifty-nine," is defective, in that it

does not state in what era this year occurred. Under the authority cited by the defendant, *Commonwealth* v. *Mc'Loon*, 5 Gray, 91, this defect would be deemed fatal. But by c. 1, § 4, clause 11, R. S., it is provided that the word "year," used for a date, means the year of our Lord. This cures that defect.

It is also objected that the place to be searched, and in which said intoxicating liquors are alleged to have been kept and deposited, as set forth and described in said complaint, is not specifically described in said warrant.

The place to be searched is described in the complaint as "the south store in the brick building situated on the east side of Water street in said Augusta, formerly owned by *Arno Bittues*, deceased, said south store in said building being now occupied by said Thomas S. Bartlett, and the cellar under said store."

In the warrant, the description is in all respects the same, with the exception that the name of *Arno A. Bittues* is used in the place of *Arno Bittues*.

By § 5, art. 1, of the Constitution of this State, it is provided that no warrant to search any place, or to seize any person or thing, shall issue, without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause, supported by oath or affirmation.

In *State* v. *Robinson*, 33 Maine, 564, it was decided that that cannot be considered as a special designation of the place, which, if used in a conveyance, would not convey it, and which would not confine the search to one building or place. Or, to state the proposition affirmatively, the Constitution requires that the warrant shall contain as specific a description of the place to be searched as would be required to convey a specific piece of real estate, in an instrument of conveyance.

Tested by this rule, the objection cannot prevail. The substance of the objection is that there is repugnance between the description in the complaint, and the description in the

warrant, in the name of the person who formerly owned the store to be searched.

In giving construction to a deed, where several particulars are named, descriptive of the premises, if some be false or inconsistent, and the true be sufficient of themselves, they will be retained, and the others rejected. *Vose* v. *Handy*, 2 Mass. 322; *Wing* v. *Burgess*, 13 Maine, 111; *Abbott* v. *Pike*, 33 Maine, 204.

The complaint and warrant must be construed together, and if the descriptive words are sufficient clearly to designate the place to be searched, independent of the repugnant words, the latter will be rejected. On examination, we are of opinion that such is the fact.

It may be observed that the description of the place to be searched is merely preliminary, and does not constitute a description of the offence alleged to have been committed, nor does it describe the elements of which the offence is composed, and hence does not fall within those strict technical rules which apply to criminal pleadings.

The foregoing constitute the substantial objections to the complaint and warrant, as presented by the motions to quash, and in arrest of judgment.

On the trial, there was evidence introduced by the government tending to show that certain intoxicating liquors were found by the officer serving said warrant, in the second story of the south half of a brick building, on the east side of Water street in Augusta, and that the south store on the ground floor of said block was occupied by the defendant; and there was also evidence tending to show that there was a passage by stairs from the ground floor to the second story where said liquors were found, and that said second story was occupied by said defendant for the purpose of storing and keeping said liquors and other goods similar to those in the lower story.

On this part of the case, the Judge instructed the jury, that they must be satisfied from the evidence, beyond a reasonable doubt, that said second story or chamber was a part

State *v.* Bartlett.

of said south store, and that they would judge from the evidence in the case, with their knowledge or experience as practical men as to how rooms or stores on the ground floor and rooms above in the second story are generally used by merchants, whether said second story or chamber was, in point of fact, a part of said south store described in said complaint.

To this instruction, exceptions are taken. There does not appear to have been any evidence in the case tending to show what was the usage of merchants as to the occupation of rooms in the second story of buildings, the lower rooms of which were occupied as stores; nor that any such usage existed in fact. Nor was there any evidence as to the knowledge or experience of the jury upon that subject.

It was probably the intention of the Judge to limit the jury to a consideration of the evidence in the case, viewed or construed in the light of their knowledge or experience as practical men in such matters. The language used is, however, susceptible of a different construction; a construction which would authorize, and perhaps require, the jury to act upon their knowledge or experience, as evidence in this case. Indeed, such seems to be its natural construction. On this point, therefore, the jury may have been misled, and have based their verdict as well upon their personal knowledge and experience as upon the evidence legitimately in the case. To have done so, would have been clearly erroneous. For this cause, the *exceptions are sustained, and a new trial granted.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.