### ASHLEY VS. PETERSON and others.

(1) CONSTITUTIONAL LAW: *How search warrant must describe place to be searched.* (2, 3) *Principal and surety: Judgment in replevin; effect of ch. 124, Laws of 1869, where the undertaking was executed before its passage.*

1. A warrant directing the officer to search "the premises of John Doe, *alias*, in the town of B., or in the neighborhood thereof, in the county of S.," *held* void, for want of a more particular description of the place to be searched. Const. of Wis., art. 1, § 11.
2. On an undertaking in replevin, executed by the defendant and sureties, *before* ch. 124, Laws of 1869, went into force, and conditioned according to the former law, which required a judgment for plaintiff to be in the alternative (for a delivery of the property, or for the value in case a return could not be had), the sureties could not be held liable on an absolute judgment for the value alone, rendered *after* that chapter took effect.
3. In such a case, judgment against the defendant, as well as the sureties, must still be in the alternative.

APPEAL from the Circuit Court for *Sauk* County.

Replevin, for a mare and colt. In January, 1869, *Iver Peterson* made complaint on oath before a justice of the peace of Dane county, stating that on the 11th of June, 1867, he was possessed of a certain mare and colt (describing them), and that he had good reason to believe, and did believe, that one John Doe, alias, did, at a time and place specified, feloniously take, etc., said mare and

colt, and that the same were then concealed on the premises of said John Doe, alias, in the town of Baraboo, or in the neighborhood thereof, in the county of Sauk, in this state. Thereupon the justice issued a warrant, directed to the sheriff or any constable of Dane county, commanding the officer "to enter forthwith into the premises of the said John Doe, alias, and there diligent search make for said personal property," etc. *Oliver Peterson*, a constable of Dane county, went upon the premises of the plaintiff, *Ashley*, and seized, under said writ, a mare and colt in his possession. The sheriff took the property from the constable's possession under the writ of replevin in this action, on the 28th of January, 1869 ; and thereupon *Oliver Peterson* gave an undertaking under the statute, with *Iver Peterson* and two others as sureties, and retained possession of the property. *Iver Peterson* then answered, claiming to own the property, alleging that it had been stolen from him, and setting forth the facts in regard to its seizure upon the search warrant, and being taken by the sheriff from the possession of the constable. After the plaintiff's evidence was in, it was shown for the defense that the sheriff took the property from the constable while he held it under said search warrant, and before he had made return of the same ; and thereupon defendants moved that the complaint be dismissed, " on the ground that plaintiff could not replevy the property from the constable," while it was so held ; "and that the court had no jurisdiction of this action." The motion was denied.

No instructions to the jury were asked or given. Verdict "for the plaintiff, that he is the owner of, and is lawfully entitled to the possession of, the property mentioned in the complaint ; and that the same is wrongfully detained by the defendant, and that said property is of the value of $280," and assessing damages for the detention. A motion for a new trial denied ; and the judg-

ment, after a recital that the plaintiff had "elected to take a judgment for the value of the property, and his damages for the detention, absolutely," was simply for the recovery of said assessed value and damages, with costs. From this judgment the defendants appealed.

*Hopkins & Foote*, for appellants:

1. While the property was in the hands of the constable, replevin would not lie. *Griffith v. Smith*, 22 Wis. 646; *Batlis v. Hamlin*, id. 669; *Watkins v. Page*, 2 id. 92; *Weinberg v. Conover*, 4 id. 803. The process was valid on its face. It only authorized a search in one place, and that it described with reasonable certainty; and that is all the law requires. *Meek v. Pierce*, 19 Wis. 300. 2. The *plaintiff* must in all cases take judgment in the alternative, as provided by sec. 31, ch. 132, R. S. *Pratt v. Donovan*, 10 Wis. 378; *Rose v. Tolly*, 15 id. 443; *Smith v. Coolbaugh*, 19 id. 106; *Fitzhugh v. Wiman*, 5 Seld. 559. And where a judgment is taken for the value of the property absolutely, the sureties are not liable. *Gallarati v. Orser*, 27 N. Y. 324.

*C. C. Remington*, for respondent:

1. The form of the judgment in this case is authorized by ch. 124, Laws of 1869. 2. The search warrant did not protect the constable, unless fair and regular on its face. *Bagnall v. Ableman*, 4 Wis. 163 (179); *State v. Mann*, 5 Ired. 45. It was fatally defective. (1) It is not under seal, and there is no statute dispensing with the common-law rule which requires all warrants to be under seal. *State v. Worley*, 11 Ired. 242; *Smith v. Randall*, 3 Hill, 495; *Beekman v. Traver*, 20 Wend. 67. (2) A Dane county justice had no authority to issue a warrant to search for property in Sauk county. (3) The writ should have been directed to some proper officer of *Sauk* county. *People v. Holcomb*, 3 Park. 656. (4) It should require that it be executed in the day-time. 1 Chitty's Cr. Law, 65. (5) It did not particularly describe the place to be searched, as required by sec. 11, art. 1 of the state con-

stitution. 3. The officer seized other property than that which he was commanded to seize, as the verdict shows.

PAINE, J. Without determining whether a justice of the peace in one county can issue a search warrant to search premises in another, we agree with the respondent's counsel that the warrant here in controversy was void, for not particularly describing the place to be searched, as required by sec. 11, art. 1 of the constitution. It would be difficult to hold that the words "the premises of John Doe, *alias*, in the town of Baraboo, or in the neighborhood thereof, in the county of Sauk," constitute a compliance with this provision. If the officer could act at all under such a warrant, he might search the premises of any body in the town of Baraboo or in the neighborhood of it.

We see no error in the case, except in the form of the judgment. The plaintiff's counsel, conceiving chapter 124, Laws of 1869, to be applicable, took an absolute judgment for the value of the property and the damages. It would, of course, have been proper if that act was applicable; but we think it was not. The undertaking given by the defendant to retain possession of the property was executed before the passage of that act. It was conditioned according to the law then in force, which required the judgment for the plaintiff to be in the alternative, for a delivery of the property in case it could be had. It was for this that the sureties undertook. Their obligation was conditional. And, as the only connection they have with the case arises out of that contract, which we have held gave the right to enter such a judgment against them as the contract contemplated, the legislature could not, by an act subsequent to the execution of the contract, enlarge their liability so as to make it absolute for the payment of the value and damages. See *Gallarati v. Orser*, 27 N. Y. 324.

Although this reason for reversal grows out of the

rights of the sureties, yet, if the judgment is to be reversed as to them, it is necessary to reverse it as to the principal defendant also, unless the sureties were to be discharged entirely. The form of the judgment should obviously be the same as to all. The judgment must be reversed, and the cause remanded with directions to enter judgment for the plaintiff in the alternative, according to the law in force at the time the undertaking was given.

*By the Court.* — So ordered.