## Potowick v. Commonwealth.

(Decided May 1, 1923.)

### Appeal from Pike Circuit Court.

Criminal Law—Searches and Seizures—Wife's Consent to Search by Federal Prohibition Agent Does not Waive Defendant's Immunity, nor Make Admissible Evidence Obtained by Unlawful Search.—Consent by defendant's wife to a search of his premises by a federal prohibition agent does not waive defendant's immunity from unreasonable search, or render admissible against him evidence procured by such search, if the officer had no valid search warrant.

PICKLESIMER & STEELE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant was indicted in the Pike circuit court and tried on the charge of unlawfully manufacturing spirituous liquors.

The essential facts in this case are the same as in the case of Duncan v. Commonwealth, from Fayette county, this day decided. The only difference is that the officer in this case was a federal prohibition enforcement officer, while in the Duncan case he was the sheriff

The search in this case was made in the absence of the defendant and with consent or acquiescence of appellant's wife. The lower court admitted the evidence, as did the court in the Duncan case, over the objection of defendant.

Upon the authority of the Duncan case and the Amos case in the Supreme Court of the United States therein quoted, the judgment in this case is also reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.