## Cotton v. Commonwealth.

(Decided October 5, 1923.)

### Appeal from Christian Circuit Court.

1. Criminal Law—Evidence Obtained by Illegal Search Inadmissible.—Evidence obtained in violation of Constitution, section 10, which prohibits unreasonable searches and seizures, is not competent.

2. Searches and Seizures—Constitutional Provision Held Not to Protect Woodland at Distance from Dwelling—"Houses"—"Possessions."—While "houses" and "possessions" in Constitution, section 10, relative to searches, includes some land immediately adjacent to and used in connection with a residence, neither protects from search woodlands five hundred yards from the residence or any building.

3. Criminal Law—Testimony Admissible of Wagon Tracks from Barn Lot, Discernible from a Distance, Though Witnesses Did Not Have Search Warrant.—Where sled tracks, leading from a still up to defendant's barn lot, were discernible without entering the barn lot, and for some distance away therefrom, the court did not err in admitting evidence with reference to such tracks, though the witnesses obtained such evidence without a valid search warrant, in violation of Constitution, section 10.

4. Intoxicating Liquors—Evidence Sufficient to Sustain Conviction of Possession of Moonshine Still.—Evidence that a moonshine still was found on defendant's land, 500 yards from his house and that sled tracks led from the still to the barn lot, held to sustain a conviction for illegal possession of the still.

JOHN C. DUFFY for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clarke—Affirming.

Appellant complains of his conviction of illegally possessing a moonshine still, because of the alleged admission of incompetent evidence and insufficiency of the evidence to support the verdict.

Officers searched his house, barn and outbuildings under a confessedly defective search warrant, and the court refused to permit them to testify as to what, if anything, they found therein.

But after so doing, the officers proceeded, either by the public road or directly through an intervening field, to a cedar thicket located on defendant's farm, about 600 yards from his residence and 500 yards from the nearest building. In the thicket, eight or nine barrels of mash, and a water tank, the latter upon a sled, were found. Nearby on his farm, they found a gasoline tank, a worm, and a still-cap. They also discovered sled tracks leading from the sled over defendant's land into his barn lot, near which is a spring. They were permitted, over his objections, to testify to these facts, and he contends that all of this evidence was incompetent because obtained by a search of his "possessions" in violation of section 10 of the State Constitution, which prohibits unreasonable searches and seizures.

If the evidence was so obtained, it was incompetent under the many decisions of this court. But we have never held that the word "possessions," as employed in section 10, *supra,* includes everything to which a citizen has title, as is broadly contended here. Upon the other hand, it is stated in several of the cases upon which defendant relies that there is no substantial difference between the state and federal inhibitions resulting from the fact that in the former the word "possessions" appears, where "effects" is used in the latter.

While we have never attempted an exact definition of the word "possessions," we did hold in Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45, that it does not have the broad meaning for which appellant contends, or "apply to the searching of woodland located somewhat remotely from his residence," but refers rather "to the intimate things about one's person, like in kind to those previously denominated," and must be construed in connection with those previous words, namely, "houses" and "papers."

Upon the same theory, we held in Childers v. Commonwealth, 198 Ky. 848, that "houses" and "possessions" as used in section 10 of the Constitution, protected from search without a warrant a garden and pond within a stone's throw of the residence and used in connection therewith. Likewise in Ingram v. Commonwealth, 200 Ky. 284, 254 S. W. ——, it was held that a warrant directing a search of a described residence and outbuildings included a garden used in connection therewith and located within about 20 feet thereof.

So while "houses" and "possessions," as employed in section 10 of the State Constitution, include some land immediately adjacent to and used in connection with a residence, neither both nor either of them protect from search woodlands some distance from the residence. Hence we have no trouble in deciding that all of the evidence relating to what was found upon defendant's land in the cedar thicket, which was more than 500 yards from his residence or any building, was competent.

But obviously the fact that the sled tracks led to the still over defendant's land from his barn lot near his spring and residence, was a circumstance strongly indicative of his knowledge of and connection with the still, etc., found on his land and within five or six hundred yards of his residence, notwithstanding his denial thereof, and if, as is urged, this evidence was incompetent, its admission was clearly prejudicial.

The argument in support of this insistence is, that in order to trace the sled tracks either to or from his barn lot, it was necessary to search same; that the barn lot is a part of his barn premises and protected from search without a search warrant, just as is a garden protected as a part of a residence by the words "houses" and "possessions" in article 10, *supra.*

We do not, however, regard this argument as sound, since we held in Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795, that where the thing found and testified about is open and obvious, and can be seen by anyone within a reasonable distance without making a search therefor, no search warrant is necessary.

Upon authority of this case, we held in Keith v. Commonwealth, 197 Ky. 362, 254 S. W. 42, that testimony about a path on protected premises was competent, even if discovered without a search warrant, where it could be seen without entering such premises.

In the case at bar, the sled tracks leading up to the barn lot evidently were discernible without entering the barn lot, and for some distance away therefrom, hence without attempting to define just what land adjacent to a barn, if any, is protected from search without a warrant, we conclude that the court did not err in admitting the evidence with reference to these tracks.

But little need be said with reference to the contention that the evidence was insufficient to support the verdict. This contention is based, in large part, upon the contentions already overruled. The one other basis therefor is, that the defendant denied that he owned any of the articles found upon his premises, or that he consented to or knew of their presence there. But this denial only put in issue the contrary conclusion, readily inferrable from the facts proved by the Commonwealth.

The question of his guilt or innocence was therefore for the jury, and we are unwilling to say that their verdict is either contrary to or flagrantly against the evidence.

Judgment affirmed.