## Stafford v. Commonwealth.

(Decided December 18, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Testimony Discovered by Search Excluded, where Search Warrant is Not Introduced in Evidence Nor Loss Accounted for and Contents Proved.—In liquor prosecution, where search warrant was not introduced in evidence nor loss accounted for and contents proved, testimony discovered by search should have been excluded, unless facts were such as to bring case within exception to rule requiring search warrant.

2. Criminal Law—Fact that Search Warrant is Not Produced Immaterial, where Incriminating Evidence was Found at Places Requiring no Search Warrant.—If incriminating evidence was found at such places or under such circumstances as to require no search warrant, fact that search warrant was not produced upon trial would be immaterial.

3. Criminal Law—Searches and Seizures—Evidence Held Improperly Admitted, in the Absence of Search Warrant or Accounting for its Loss and Proving Contents—"House" Apart from Dwelling Protected by Constitutional Prohibition as to Searches.—Upon failure of Commonwealth to account for loss and prove contents of search warrant under which mash was taken from place referred to as "little house," apart from dwelling on accused's land, it should be excluded, since place was "house" within Constitution, section 10.

G. R. BLACKBURN, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, John Stafford, was convicted of unlawfully manufacturing whiskey and prosecutes this appeal from the judgment entered against him imposing a fine of $100.00 and imprisonment for sixty days as his punishment.

From the testimony for the Commonwealth the officers who discovered the evidence upon which appellant was convicted did so while searching his premises under a search warrant. The search warrant was not introduced in evidence nor was its loss accounted for and its contents proved. Hence, upon appellant's motion the trial court should have excluded from the jury the testimony discovered by the search, unless the facts be such as to bring the case within the exception to the rule requiring a search warrant. Bates v. Commonwealth, 197 Ky. 692; Adams v. Commonwealth, 197 Ky. 235; Hodges v. Commonwealth, 198 Ky. 652. If it appears that the incriminating evidence was found at such places or under such circumstances as to require no search warrant to authorize the search and to make the evidence competent, then the fact that the search warrant was not produced upon the trial hereof would be immaterial.

The incriminating evidence in this case consisted of a 60 gallon barrel of mash. The first witness testified that it was found in a "little house." All of the witnesses refer to the place where the barrel of mash was found as "a house," or "the old house," or "the little house," and the barrel containing the mash appears to have been in the house hidden under fodder. That house appears to have been located about 300 yards from appellant's dwelling house and on his land. The question, then, is presented whether under those circumstances the witnesses must have been armed with a search warrant to render valid the evidence found by the search. The question has heretofore been considered and determined by this court. In Morse v. Commonwealth, 204 Ky. 672, the word "houses," used in section 10 of our Constitution, relating to searches and seizures, was construed, and a structure described by some of the witnesses in that case as a "dugout," a further description of which may be had by reference to that opinion, and which stood a quarter of a mile from the dwelling house of the defendant, was held to be a house within the meaning of section 10 of our Constitution, relating to searches and seizures. Reference is made to that opinion for the reasons upon which it was based, which need not be here repeated. We, therefore, conclude that the incriminating evidence against appellant herein was found by searching one of appellant's "houses" within the meaning of that word as used in section 10 of our Constitution, relating to searches and seizures, and that it was incumbent upon

the Commonwealth to introduce or account for the loss and prove the contents of the search warrant under which it was searched to justify the search. Having failed to do so the trial court erred in not sustaining appellant's motion to exclude the evidence obtained by the search from the consideration of the jury.

For the reasons indicated the judgment herein is reversed and this cause is remanded, with direction that appellant be granted a new trial and for other proceedings consistent herewith.