## Fleming v. Commonwealth.

(Decided December 14, 1926.)

## Appeal from Pike Circuit Court.

1. Searches and Seizures—Search Without Warrant of House Belonging to Defendant, Near His Dwelling House, Held Not Unlawful (Constitution, Section 10).—In prosecution for manufacturing intoxicating liquor, search without warrant of house owned or leased by defendant, near his dwelling house, held violation of Constitution, section 10, providing for protection from unreasonable search and seizure.

2. Searches and Seizures—One Having Several Houses is Protected from Unreasonable Search, Without Warrant, of Any One House (Constitution, Section 10).—Constitution, section 10, providing for security of people in their houses from unreasonable search and seizure, applies to all houses of any person and any part of any house.

3. Criminal Law—Evidence Obtained by Unlawful Search Held Inadmissible, in Prosecution for Manufacturing Intoxicating Liquor (Constitution, Section 10).—Evidence obtained by unreasonable search of defendant's house, within meaning of Constitution, section 10, held incompetent, in prosecution for manufacturing intoxicating liquor.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellant has been convicted of unlawfully manufacturing whiskey, and appeals.

He insists that the evidence under which he was convicted was incompetent because procured by an invalid search made without a search warrant. The evidence is in considerable confusion, but its careful consideration establishes that a distilling outfit in operation was discovered by the witnesses for the Commonwealth in a house located on land either owned or leased by appellant. The distance which the house was situated from his dwelling house varies according to the testimony of the witnesses from 100 to 300 yards. It was night and the search that resulted in the discovery of all of the evidence used against appellant was made by peace officers who had no search warrant. The record contains a very

meager description of the "house" in which the officers discovered the distilling outfit concerning which they testified in detail over the objection of appellant. The witnesses in testifying frequently referred to it as "the still house," which is perhaps the most comprehensive description of it the evidence herein affords. They seem to have so referred to it, however, merely because it was the house in which the distilling outfit was discovered. It is in evidence that the house had a means of entrance and exit, referred to in the testimony as a "door," but that it was not equipped with the swinging covering for the opening which we commonly call a door. The fact that there was a distilling outfit set up for operation within the house appears to have been discovered when the officers walked up to and looked in through the door of the house.

Section 10 of our Constitution provides: "The people shall be secure in their persons, houses, papers and possession from unreasonable search and seizure." The word "houses" there used has been construed by this court in Morse v. Commonwealth, 204 Ky. 672; and Stafford v. Commonwealth, 212 Ky. 229. Reference to the Morse and the Stafford opinions, *supra,* will disclose that all of the "houses" of a person are protected from search by the section, *supra,* of our constitution; and that no evidence procured by the search of any of a person's "houses" without a search warrant may be used in evidence against him. This case seems to fall clearly within the rule announced in those two opinions. The evidence introduced upon the trial hereof against appellant that there was on land under his control a complete distilling outfit set up for operation was procured by the search of one of his "houses;" and the officers who searched it and discovered the evidence which they deposed against him did so without a search warrant. Evidence so obtained has uniformly been held by this court to be incompetent. It follows that the trial court erred in not sustaining appellant's objection to the testimony complained of without which there appears to be no evidence upon which to base an instruction submitting to the jury the question of appellant's guilt or innocence.

For the reasons indicated the judgment is reversed for other proceedings consistent with this opinion.

The whole court sitting. Judge McCandless and Judge Sampson dissenting.