### Mullins v. Commonwealth.

(Decided June 21, 1927.)

### Appeal from Pike Circuit Court.

Criminal Law.—Search of woodland about 30 yards from defendant's residence without warrant held illegal, and evidence obtained inadmissible in trial for manufacturing intoxicating liquor; "possessions," in Constitution, section 10, as to unreasonable search and seizure, including such land as part of home.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

John P. Mullins was convicted of manufacturing intoxicating liquor, and has prayed an appeal.

The only question for determination is whether the evidence of the officers who searched appellant's premises without a search warrant was admissible. They testified that they entered appellant's premises over or through fences and discovered a still, a little whisky, and some bottles and quart fruit jars in the timber about 30 yards back of his house, and some slop, mash, and material used in the manufacture of whisky up in a field about 200 yards from the house. It is true that we have held in several cases that the word "possessions," in section 10 of the Constitution, declaring that the people shall be secure in their persons, houses, papers, and pos-

sessions from unreasonable search and seizure, does not include woodlands some 500 or 600 yards from the residence or any building. Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45; Cotton v. Commonwealth, 200 Ky. 349, 254 S. W. 1061; Simmons v. Commonwealth, 210 Ky. 33, 275 S. W. 369. But we are not prepared to extend the doctrine further, and hold that the word "possessions" does not include land, even though it be covered by trees, where it is located within a few yards of the residence, and is therefore near enough to be a part of the home. Childers v. Commonwealth, 198 Ky. 848, 250 S. W. 106. We are therefore constrained to the view that the search without a search warrant was illegal, and that the evidence thereby obtained was inadmissible. Price v. Commonwealth, 195 Ky. 711, 245 S. W. 927. It follows that appellant's motion to exclude the evidence from the jury should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.