### Russell v. Commonwealth.

(Decided January 14, 1930.)

H. M. SHUMATE for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for apppellee

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant was charged by the Estill county grand jury with the unlawful possession of intoxicating liquors,

and upon his trial a jury convicted him, inflicting a punishment of 30 days in jail and a fine of $300.

Two deputy sheriffs, believing that appellant was engaged in the "liquor business," visited his premises, and they followed a path leading from his home to a point where they found a still, with the necessary material for operation. The still was not on the land of appellant, and the path leading from his home to the still was crossed by other paths, which tended very greatly to weaken the path as evidence of knowledge of the still by appellant. The two officers found the still, and also evidence that it had been recently operated. They suspected appellant; hence they went to his home. They called to his wife, and inquired where he was. They received information that he was not there. One of the officers, while standing about 30 feet away, looked through the kitchen door and saw a keg, or barrel, inside of the kitchen. He testified that he knew the barrel, or keg, must have liquor in it at the time he saw it, although he admitted that his knowledge had nothing to support it, other than his general belief that appellant was engaged in the "liquor business." The officers attempted to go into the house to make an investigation, when the wife of appellant forbade their doing so, unless they had a search warrant. They had no search warrant, but this did not deter them from invading the home of appellant in their search for liquor. Their search was rewarded, and they found what they were seeking.

It is strongly urged by counsel for appellant that the officers were wholly without right to enter the premises of appellant without his consent, and over the protest of his wife, who was alone present at the time. The learned Attorney General admits that he is without any legal instrumentalities to defend their conduct, and it therefore stands admitted by all that appellant did not have a fair trial. An examination of the cases of Hopkins v. Commonwealth, 229 Ky. 69, 16 S. W. (2d) 503, Mullins v. Commonwealth, 220 Ky. 656, 295 S. W. 987, Jordon v. Commonwealth, 199 Ky. 331, 250 S. W. 1004, Helton v. Commonwealth, 195 Ky. 678, 243 S. W. 918, and Childers v. Commonwealth, 198 Ky. 848, 250 S. W. 106, convinces the court that the evidence obtained by the officers through the illegal search of the premises should not have been admitted because the search was illegal.

Learned gentlemen are insisting in these latter days that the Fourth Amendment to the Constitution of the United States, and similar provisions in state Constitutions, should be abrogated. But that is not a question for the courts, but for the people. It is the duty of the courts to abide by constitutional provisions.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.