## Shelton v. National Surety Company of New York.

, (Decided October 31, 1930.)

STEPHENS & STEELY for appellant.

W. B. EARLY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The appellant and plaintiff below, Jennie Shelton, resided in that part of the town of Jellico lying in Whitley county, Ky., and which is a city of the sixth class in this commonwealth. James Bowlin was its town marshal, and he executed bond at the time of his installation into office, as is required by section 3690 of our present statutes, which is a part of the charter of cities of the sixth class, with the appellee and defendant, National Surety Company of New York, as his surety. The bond was limited to the sum of $1,000 and its obligatory terms did not altogether conform to those prescribed in the section of the statute referred to; but for the purposes of this case, and without entering into a discussion of the effect of such departure, the case will be disposed of as though there were no discrepancy between the terms of the bond and those of the statute.

While the bond was in force and while Bowlin was functioning as marshal of the town, pursuant to his election, he committed the acts and engaged in the conduct described in plaintiff's petition as amended, and because of which she sought the recovery of damages against the

officer and his surety in the total sum of $5,000. Both defendants demurred to the petition. The one filed by the marshal was overruled, while that filed by his surety, the appellee, was sustained. The marshal declined to plead and default judgment was rendered against him and plaintiff declined to amend her petition as against the surety and it was dismissed as to that defendant, and from the latter judgment plaintiff prosecutes this appeal.

The question involved is the much-discussed one that this court had under consideration in the comparatively recent cases of Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795; 796, L. R. A. 1915E, 172; Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 170, 3 A. L. R. 1619; Fidelity & Casualty Co. of New York v. White, 209 Ky. 402, 272 S. W. 902; Lewis v. Treadway, 211 Ky. 140, 277 S. W. 309; Blanton v. Reed, 217 Ky. 533, 290 S. W. 347, with others following and some preceding them. That question is, the extent of liability of the surety of a peace officer for his malicious, wrongful, and personal acts and conduct, performed and engaged in by him without any authority of law, although he may be purporting to act under color of his office. It was substantially alleged in the petition as amended that the marshal, at the time recently antedating the filing of the action, searched plaintiff's premises under the pretense of having a search warrant issued by the police judge of the town, but which, as it was further averred and clearly shown by plaintiff's pleading, was void on its face, and because of which plaintiff contended below, and also contends in this court, rendered it absolutely without protection to the officer. It was also alleged that the paper itself, if otherwise valid on its face, was still void because the police judge never signed it.

In another paragraph it was averred that upon a later occasion the officer, without any writ of arrest, or without plaintiff having committed any offense whatever in his presence, and without reasonable grounds for him to believe that defendant had committed a felony, arrested her and searched her person in such a manner as to greatly humiliate her and from which she suffered mental pain and anguish, to obtain solace for which she in part filed her action. It will thus be seen that upon neither of the occasions complained of was the officer armed with any process valid on its face, if indeed the search warrant ever had any legal existence, and the case

is one peculiarly within the announced doctrine of the cases supra.

In the Van Bever case upon the question before us the opinion said:

" 'A peace officer may make an arrest—1. In obedience to a warrant of arrest delivered to him. 2. Without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony. . . . If he makes an arrest in any other way, it is not authorized by law, and is consequently his individual and not his official act. . . . It will thus be seen that the test as to whether the officer is acting by virtue of his office is whether he is armed with a valid writ, or has authority to make the arrest without a writ, under a statute. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is, at the time, no statute which authorizes the act to be done without a writ, then the officer is not acting by virtue of his office.''

Reiterating in different language we followed the doctrine there announced in the later Taylor case, and in which it was said:

"When an officer assumes to act under color of his office, having no writ or process whatsoever, or having process which on its face is utterly void, it seems to be the prevailing doctrine that whatever he may do under such circumstances imposes no liability on his sureties. To constitute color of office such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is at the time no statute which authorizes the act to be done without process, then there is no such color of office as will enable him to impose a liability upon the sureties in his official bond.''

The still later cited cases followed the doctrine in both the VanBever and Taylor ones, and during the time covered by those cases a number of regular sessions of

the Legislature has been held and no effort has been made to amend any law under which such bonds are required in a manner to nullify or in any way dispense with the holdings in the cited cases. Under the circumstances there is no alternative open to us but to adhere to the doctrine of those opinions which the lower court did in sustaining the demurrer filed by appellee.

Wherefore the judgment is affirmed.