# McMahan's Administratrix v. Draffen et al.

(Decided March 15, 1932.)

CROSSLAND & CROSSLAND for appellant.

BEN S. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal requires a consideration and review of section 10 of the Bill of Rights of our Constitution, and the application thereof to the facts alleged in the appellant's petition as amended.

In November, 1929, Chris McMahan resided in house No. 441 South Third street, Paducah, Ky., located at the corner of Third and Adams streets. J. T. Powers was an elected and acting constable of the first district of McCracken county, Ky.

The Fidelity & Guaranty Company of New York was the surety on his bond which was conditioned that "in all things Powers shall faithfully and truly execute and perform the said office of constable during his continuance therein."

Charles Winnegar was an elected and qualified constable of the Sixth district of McCracken county, Ky. After he entered upon the duties of his office, K. B. Williams was appointed a deputy to Winnegar. Williams executed bond to the commonwealth with Mrs. J. R. Draffen as his surety, conditioned as provided by law.

Charles Ross, by consent of J. T. Powers, was appointed deputy constable. He executed bond to the commonwealth, with the Fidelity & Casualty Company of New York as his surety, conditioned as provided by law. The election and qualification of Powers are set out in the petition. The appointment and qualification of

Ross and Williams by the county court of McCracken county are also set out by the necessary allegations. It was charged in the petition that Powers, Williams, and Ross, while acting under color of office, without the knowledge or consent of Chris McMahan, forcibly and with violence, broke the doors and windows of his home, and maliciously and wrongfully entered therein and proceeded to search for spirituous, vinous, and malt liquors. In an amended petition it was charged that, at the time they did so, they were executing a search warrant issued and placed in their hands by a justice of peace of McCracken county, directing them to search the house of one "Keeling, located at the corner of Third & Adams Streets in Paducah, which house was No. 441 S. Third Street; . . . that McMahan's place was not mentioned in the warrant as the place to be searched," that he occupied a portion of the house as a tenant, which was under his control and in his possession, and that the officers were informed and knew that McMahan occupied the rooms and had them in his possession, and that "Keeling had no power or use over same, but notwithstanding this knowledge, they wrongfully, illegally and without right searched his premises."

A demurrer was filed to the petition and amended petition which was overruled as to Powers, Ross, and Williams, but sustained as to the sureties on the bond— Draffen and the Fidelity & Casualty Company of New York. McMahan declined to plead further and elected to stand by his petition, which was dismissed as to Draffen and the Fidelity & Casualty Company of New York. Thereafter Chris McMahan departed this life, and the administratrix of his estate asked permission to revive the action in her name. The court declined to permit it to be revived.

She is here insisting the constitutional rights of her decedent were unlawfully interrupted, and that the privacy of his home was invaded by officers, and that both the officers and their bonds are liable to his estate for the resulting damages.

The Fourth Amendment to the Constitution of the United States is not presented for consideration. The Fourth Amendment is a limitation on the power of the federal government and not a limitation on the power of the repective states. The state Constitution is a limitation on the state to authorize, and its officers to engage

in a search for, and seizure of, evidence of crime. Reed v. Rice, 2 J. J. Marsh. 44, 19 Am. Dec. 122; Brent v. Com., 194 Ky. 504, 240 S. W. 45; Walters v. Com., 199 Ky. 182, 250 S. W. 839; Chapman v. Com., 206 Ky. 439, 267 S. W. 181; State v. District Court of Eighteenth Judicial Dist. in and for Hill County, 82 Mont. 515, 268 P. 501; State v. Gooder (S. D.) 234 N. W. 610; Adams v. N. Y., 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575.

Section 10 of our Bill of Rights declares

"The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

An officer executing a search warrant, regularly issued, and legal on its face, is not concerned with its illegality. Hunt v. Evans, 56 App. D. C. 97, 10 F. (2d) 892; Reitzel v. Com., 203 Ky. 186, 261 S. W. 1106. The search must be justified on the steps preceding its issuance and not by what is found. United States v. Two Soaking Units (D. C.) 44 F. (2d) 650. To be valid it must contain a description of the place, person, or thing to be searched or seized with such certainty as reasonably identifies the place or person or thing to be searched. Reed v. Rice, 2 J. J. Marsh. 44, 19 Am. Dec. 122; Wilkerson v. Com., 200 Ky. 399, 255 S. W. 76; Gilliland v. Com., 224 Ky. 453, 6 S. W. (2d) 467; Wellman v. Com. 219 Ky. 323, 292 S. W. 779; Grogan v. Com., 222 Ky. 484, 1 S. W. (2d) 779; Nestor v. Com., 202 Ky. 748, 261 S. W. 270; Langdon v. People, 133 Ill. 382, 24 N. E. 874; Byrnside v. Burdett, 15 W. Va. 702; Ashley v. Peterson, 25 Wis. 621. A description of the place to be searched is not required to be as certain and specific as would be necessary in a deed of conveyance. Jones v. Fletcher, 41 Me. 254; State v. Bartlett, 47 Me. 388. It must be directed to the officer and authorize him to search the place, person, or thing therein described.

It is the duty of the officer executing it to know with certainty that the premises, thing, or the person he is searching is the premises, person, or thing which he is authorized and directed by the warrant to search. Johnson v. Williams' Adm'r, 111 Ky. 289, 63 S. W. 759, 23

Ky. Law Rep. 658, 54 L. R. A. 220, 98 Am. St. Rep. 416. When executing such warrant the officer may thoroughly search every part of the premises described in the warrant occupied by the owner, or occupant, named in it, where it is likely or probable that the object searched for may be found. The Constitution guarantees and secures the owner or occupant of his premises, person, and effects named in the search warrant from an unreasonable search and seizure by officers of the state, authorized and acting by virtue of a valid search warrant. Whether the conduct of the officer when executing it was reasonable or unreasonable must be determined by all of the facts and circumstances in each particular case.

No definite rule fixing the line of demarcation applicable in every case can be stated in advance by which it may be determined whether the search was reasonable or unreasonable under a valid search warrant. It may be positively stated that a valid search warrant does not confer on the officer who executes it authority to make an unreasonable search. In executing a valid search warrant, the officer must not only be considerate of the comfort and convenience and feelings of the person or the occupant of the premises at the time of the search, but must not exceed or abuse his authority with which he is clothed and under which he is acting. He may not unnecessarily injure the feelings of the defendant or unnecessarily mar the premises searched. Luther v. Borden, 7 How. 1, 12 L. Ed. 581. It may be said that whenever an officer, in the execution of a formal, legally issued search warrant, exceeds or abuses his authority, and thereby infringes on the constitutional right guaranteed by section 10 of the Bill of Rights to the owner or occupant of the premises designated in the search warrant, he and his bondsmen are liable in an action of trespass for the damages therefor to such occupant. In an action therefor the question of the conduct of the officer and not his motive is the proper subject of inquiry, except as to the assessment of damages. Buckley v. Beaulieu, 104 Me. 56, 71 A. 70, 22 L. R. A. (N. S.) 819; Jewell v. Mills, 3 Bush 62. But if the search or seizure is made by an officer, under color of his office, without a search warrant, or under a void search warrant, he alone, and not his bondsman, is liable for compensatory damages, and, if his acts are willful, malicious, or wanton, for punitive damage. His acts and conduct under such conditions and circumstances are regarded as his individual

act for himself, and not for the state, and he alone, and not his bond, is liable therefor. Cohn v. State, 120 Tenn. 61, 109 S. W. 1149, 17 L. R. A. (N. S.) 451, 15 Ann. Cas. 1201; Weaver v. Ficke, 174 Ky. 432, 192 S. W. 515; Nestor v. Com., supra.

The good faith of the officer, or that he was acting in full belief, and with reason to believe, that the evidence of the crime sought or desired was present on the premises searched, will not justify a search without a search warrant, or with a void search warrant, of another's premises, or person or thing. At most his good faith may be regarded only in mitigation of damages. Newberry v Carpenter, 107 Mich. 581, 65 N. W. 530, 31 L. R. A. 163, 61 Am. St. Rep. 346.

Section 10 of our Bill of Rights has often been before this court for construction and application. Youman v. Com., 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; Brent v. Com., supra; Lewis v. Com., 197 Ky. 449, 247 S. W. 749; Jordon v. Com., 199 Ky. 331, 250 S. W. 1004; Cotton v. Com., 200 Ky. 349, 254 S. W. 1061; Morse v. Com., 204 Ky. 673, 265 S. W. 37; Simmons v. Com., 210 Ky. 33, 275 S. W. 369; Stafford v. Com., 212 Ky. 229, 278 S. W. 574; Fleming v. Com., 217 Ky. 169, 289 S. W. 212; Russell v. Com., 232 Ky. 353, 23 S. W (2d) 546; Miller v Com., 235 Ky. 825, 32 S. W. (2d) 416; Reed v. Rice, supra; Wilkerson v. Com., supra; Gilliland v. Com., supra; Nestor v. Com., supra.

The rule deducible from these cases is that a search by an officer of the person, premises, or thing of another without a search warrant, or with a void search warrant, is illegal, and that a valid search warrant will not authorize an officer to make an unreasonable search, nor to force his way and search a different or adjoining house to that described in the warrant, or to search that portion of a house occupied by another not named in the warrant. The two latter are illegal searches.

In Nestor v. Com., Mrs. Hammond owned the property described in the search warrant. It consisted of six rooms. It was in the control and possession of her son, Henry Hammond, during her absence. Two of the six rooms were at the time of the issuance and execution of the search warrant rented by, and in the control and possession of, Nestor. A legal search warrant was placed in the hands of the officers with directions to search the

premises in possession of Hammond. The warrant described it as the house occupied by, and in the possession of, Henry Hammond. In executing it the officers searched the two rooms in the control and possession of Nestor. This court held that the search of Nestor's rooms was illegal. See Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; Lewis v. Treadway, 211 Ky. 140, 277 S. W. 309; Blanton v. Reed, 217 Ky. 533, 290 S. W. 347; Fidelity & Deposit Co. v. Hall, 215 Ky. 36, 284 S. W. 426; Hogg v. Lorenz, 234 Ky. 751, 29 S. W. (2d) 17; Chelton v. National Surety Co. of New York, 235 Ky. 778, 32 S. W. (2d) 339.

The principle stated in Jones v. Van Bever has been approved and followed in many subsequent cases. In Shelton v. National Surety Co., the question of the liability of the surety of a peace officer for his malicious and wrongful acts and conduct engaged in by him under color of his office without authority of law was considered and determined. It was held by this court that the surety on the bond of the officer was not liable for damage resulting from such acts and conduct on the part of the officer. In the present case the search warrant only authorized and directed the officers to search the premises in the control and possession of Keeling. Applying the rule often enunciated by this court to the facts alleged in the petition and amended petition herein, the sureties on the bonds of the officers are not liable to McMahan's estate for damage resulting from the illegal search by them of his premises. It is affirmatively alleged that, at the time they searched McMahan's portion of the premises, the officers had knowledge that the same was not under the control or in the possession of Keeling, but notwithstanding this knowledge they willfully searched McMahan's rooms. Such search of his rooms was the individual, and not the official, act of the officers. In so searching his rooms, as against him, they committed a trespass for which they are individually liable. Nestor v. Com., supra; Fidelity & Deposit Co. v. Hall, supra; Blanton v. Reed, supra; Howard v. Caudill, 228 Ky. 403, 15 S. W. (2d) 245; Fidelity & Casualty Co. of N. Y. v. White, 209 Ky. 402, 272 S. W. 902; Perkins v. Ogilvie, 140 Ky. 412, 131 S. W. 200.

After the death of McMahan, a motion was entered by the appellant to revive the action in the name of the administrator of his estate. Powers, Ross, and Williams

are not parties to this appeal. Therefore with the views we have expressed it is not required of us to consider the question of revivor.

The judgment is affirmed.