**HALL v. COMMONWEALTH.**

Court of Appeals of Kentucky.

Oct. 23, 1953.

Lewis & Weaver, London, for appellant.

J. D. Buckman, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Robert Hall was convicted of having intoxicating liquor in his possession in local option territory for the purpose of sale and his punishment was fixed at a fine of $100 and confinement in the county jail for sixty days. On his motion for an appeal he assigns but one ground for reversal; his home was illegally invaded without a search warrant, hence his motion to exclude the evidence thus obtained was erroneously overruled.

The evidence for the Commonwealth is to the effect that Boyd Boggs, Sheriff of Laurel County, together with two of his deputies, concealed themselves at night near appellant's home and saw a man named Peanut Benge make several trips from appellant's home to automobiles parked nearby, carrying whiskey to these automobiles. The officers arrested Benge on his last trip from the house to the automobiles for trafficking in intoxicating liquor in local option territory in their presence and found a pint bottle of whiskey in his pocket upon searching him. Thereupon, the officers forced their way into appellant's home, searched it and found fifty-four pints of whiskey and seven pints of gin.

Appellant, or none of his family, was at home when the officers forced their way into it and searched his house. The family returned from a picture show about the time the search was completed and appellant asked the officers if they had a search warrant, to which the sheriff replied that he did not need a search warrant as he had a statement from Bill (Buggy Top) Shelton, appellant's father-in-law, to search the house at any time the sheriff desired. The sheriff was under the impression "Buggy Top" owned the house and that official further testified appellant's reputation for dealing in illegal whiskey was bad.

It is admitted by appellant that the seized liquor was his and he testified he had purchased it at a legal liquor store and had it for his personal use. He further testified his wife and her two sisters owned the property in which he and his wife resided, and he produced in evidence a deed from J. L. Jones and wife to Billie, Ruby and June Shelton. "Buggy Top" did not testify. It was not shown he resided in the house or had any control over it and the sheriff produced no statement from "Buggy Top" authorizing that official to search the house

Section 10 of our Constitution guarantees that our citizens will be secure in their persons, houses, papers and possessions from unreasonable search and seizure. Under this section no citizen's house, person or possessions may be searched before his arrest without a warrant issued for such search, and the warrant must be issued upon probable cause supported by an affidavit. No search can legally be made without a warrant unless a citizen waives his constitutional rights by consenting thereto, and this consent may be actual or imputed. Gilliland v. Com., 224 Ky. 453, 6 S.W.2d 467. Admitting for the sake of argument, his father-in-law, "Buggy Top," consented for the sheriff to search appellant's home, this consent could not be imputed to appellant, who was not present, and certainly "Buggy Top" even if he owned the house occupied by appellant, had no power to waive the latter's constitutional right under § 10. It is self-evident that a stranger or a kinsman, who does not reside in or have possession and control over the premises to be searched, cannot consent to the search of another's home. See Duncan v. Com., 198 Ky. 841, 250 S.W. 101; Potowick v. Com., 198 Ky. 843, 250 S.W. 102; Veal v. Com., 199 Ky. 634, 251 S.W. 648; Amos v. U. S., 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Elmore v. Com., 282 Ky. 443, 138 S.W.2d 956–961.

The fact that the officers had great reason to believe there was illegal liquor

in appellant's house did not authorize them to violate § 10 of the Constitution and to search it without a warrant. Russell v. Com., 232 Ky. 353, 23 S.W.2d 546; McMahan's Adm'x v. Draffen, 242 Ky. 785, 47 S.W.2d 716.

With the incompetent evidence obtained by the illegal search excluded there is nothing to submit to the jury. The motion for appeal is sustained, appeal granted and the judgment is reversed for proceedings not inconsistent with this opinion.