Chief Justice Robertson
delivered the Opinion:of the Court.
James Smith sued Samuel Murrell, as sheriff, for taking insufficient security in a replevin bond; and having shown, on the trial, that, only a few months prior- to the date of the bond, one William T. Bush, had been- duly commissioned and qualified as sheriff, and that Murrell had been-appointed one of his deputies, and also,, that the latter,. in the official character of deputy sheriff, had taken, the bond *463 and returned the execution — the Court refused to permit Murrell to prove, by parol testimony, that he was, at the date of the bond and of the return on the execution, only a deputy sheriff, and acted as such; and refused also, to instruct the jury that, if they believed these facts, they should find for him.
A principal sheriff is responsible for all the official acts of his deputies ; and for any nonfeasance, or for unintentional misfeasance (as for taking insufficient security,) he alone is liable —and no action can be maintained against the deputy — though for any voluntary wrong done by the deputy,while acting in his official sphere, he is personally liable, as for his personal act.
In each of these particulars, the Circuit Judge erred.
As the parol evidence, which was offered, would not have contradicted the official return, it was not, on that account, incompetent; and, although both the bond and the return on the execution showed, prima facie, that Murrell was then acting in the capacity of a deputy sheriff, nevertheless, he had a right to fortify that deduction by evidence aliunde, if the fact that he was only a deputy could have been material on the trial. And we are satisfied that it was material.
The principal sheriff is responsible for all the official acts of his deputy, however tortious. Ackworth vs. Kemp, Doug. 40; McIntire vs. Trumbull, 7 Johnson’s Rep. 35; Moore’s Administrator vs. Dawney et al. 3 H. and M. Va. Rep. 127; 1 Chitty on Pleadings, 96.
When the deputy, acting in the sphere of his office, does a voluntary wrong, he also may be held personally liable for damages, because, by such an act, he was a personal wrong-doer. But, as his mere official nonfeasance, or unintentional misfeasance, is an official, and not a personal wrong, it is, in judgment of law, deemed the act of the sheriff alone, and not the personal act of his deputy; and therefore, according to the common law, the deputy is not liable to an action by the party who may have been injured. 1 Chitty, supra; 1 Salk, 18; White vs. Johnson, 1 Wash. Rep. 160; Armistead vs. Marks, Ib. 325; Owens vs. Gatewood, 4 Bibb, 494. And in this particular, the common law, so far as this case is concerned, has not been changed or modified by any statute in force in this state. Consequently, as Murrell is not sued as a personal or voluntary wrong-doer, he is not personally liable to the plaintiff in this action, unless he was sheriff, and not a mere deputy, when he took the replevin bond, Nor, if he were then only a deputy, could the declaration against him as principal sheriff, be maintained. And as, without *464 the rejected testimony, there was evidence shewing, prima facie, that he was only a deputy sheriff when he took the replevin bond, and acted in that character, the Circuit Judge erred, as well in overruling the instruction as in refusing to admit the testimony.
An officer returns the first ex’on as deputy; and one on the replevin bond, as sheriff: there is nothing inconsistent in this; nor does the official description on the last, estop him from denying that he was sheriff,when the prior return was made.
It is true that, in his official return, on the final execution on the replevin bond, Murrell described himself as sheriff. But that fact was hot necessarily inconsistent with the character of the return on the execution which had been replevied; and both returns may have been," and no extraneous fact appearing to the contrary, should be deemed to have been true. When the replevin bond was given, he may have been — as the bond itself and the record of the County Court conduced to show that he was — only a deputy sheriff; and afterwards, when he returned the execution on the replevin bond, he may have been principal sheriff, in consequence of an intermediate appointment. The last return could not, therefore, operate in any degree, as an estoppel in this case.
Wherefore, it is considered that the judgment of the Circuit Court against the plaintiff in error, be reversed, •and the cause remanded for a new trial.