## Taylor v. Albert Shields, John J. Shore and Chicago Bonding & Surety Company.

(Decided February 25, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Municipal Corporations—Rights, Duties and Liabilities of Policemen—Arrest.—A police officer who makes an arrest, without a warrant or other judicial authority, of a person who has not com-

mitted a public offense in or out of his presence, and who the policeman does not have reasonable grounds to believe has committed a felony, is not acting within the scope of his authority as an officer, and the surety on his official bond is not liable for the trespass.

2. Pleading—Action Upon Officer's Bond for Arrest—Sufficiency of Petition.—A petition which alleges that the person arrested was acting in a peaceable and quiet manner; that he had not committed a public offense, either in or out of the presence of the officer; that the officer had no warrant or other judicial authority for arresting the plaintiff, and that the officer did not have reasonable grounds for believing that the plaintiff had committed a felony, does not state a cause of action against the surety in the official bond, although it may state a cause of action against the police officer for the reason that the surety is only liable for the wrongful acts of the policeman done in the performance of a duty devolving upon the officer, and when a warrant is placed in his hands for execution, or a public offense is committed in his presence, and not when the officer acts willfully and maliciously without authority of law in committing the trespass.

CHARLES CARROLL and J. FRANK WITHERS for appellant.

FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Shields and Shore were members of the police force of Louisville in 1916, and the Chicago Bonding & Surety Company was the surety on the official bond of each of said policemen. In October, 1916, this action was filed in the Jefferson circuit court by Taylor against Shields and Shore as policemen, and their surety, the Chicago Bonding & Surety Company, to recover $5,000.00 for the malfeasance in office of Shields and Shore.

The petition alleges that on the "night of August 29, 1916, plaintiff was arrested by the defendants, Shields and Shore, and was by them detained and confined in the Highland police station, in Louisville, Kentucky, and that while so detained and confined he was assaulted by said defendant officers, and was struck and beaten upon and about his head, body and limbs, and his head, body and limbs were thereby bruised, cut and lacerated and he was caused, by reason of said injuries, great pain and suffering, both physical and mental. Plaintiff says that said assaulting, beating and striking, as aforesaid, was done wantonly and maliciously by the said defendants, Shields and Shore."

On December 9th, following, an amended petition was filed, the material allegations of which are as follows:

"The plaintiff says that each of defendants, Albert Shields and John J. Shore, executed before the 29th day of August, 1916, to the Commonwealth of Kentucky, a bond upon which the defendant, Chicago Bonding & Surety Co., was surety, that he would well and faithfully discharge the duties of his office as a policeman according to law. Said bond was accepted and approved by the Board of Public Safety of Louisville, and was in full force and effect on the 29th and 30th of August, 1916. Certified copies of each of said bonds will be filed herewith, if required.

"Plaintiff says that on the night of August 29th, 1916, he was arrested by the defendants, Albert Shields and John J. Shore, acting as police officers of the city of Louisville; that said arrest was wrongful and without warrant or judicial order, or other authority of law, and at said time plaintiff was acting in a quiet, peaceable and law-abiding manner, and he had not committed any breach of the peace, or committed any offense, either a misdemeanor or felony, in or out of the presence of defendants, or either, and that neither of said defendants had reasonable grounds to believe plaintiff had committed a misdemeanor or felony.

"Plaintiff says said defendants wrongfully and unlawfully, under the circumstances before set out, under their authority as police officers of the city of Louisville, took plaintiff and detained and confined him in the Highland police station, in Louisville, Ky., and while he was detained and confined he was assaulted by said defendant officers and each, and was struck and beaten on and about his head, body and limbs, with great force and violence by said defendants and each, and his head, body and limbs were thereby bruised, cut and lacerated, and he was caused by reason of said injuries great pain and suffering, both physical and mental, and that said beating and striking by said defendants and each was done wrongfully and unlawfully and wantonly and maliciously and at said time he was not resisting arrest by said defendants or either, or by any other officer or any other person, and had not attacked or attempted to attack said defendants or either, or any other officer, and he says at the time, or prior thereto,

KENTUCKY REPORTS [Vol. 183

he had not committed a felony and had not been arrested for the commission of a felony, and was not attempting to escape arrest, and by reason of said acts defendants and each violated the covenants of the bonds aforesaid executed by each.''

To this petition, as amended, the three defendants interposed a general demurrer which was overruled as to the policemen, Shields and Shore, and sustained as to the Chicago Bonding & Surety Company, and the plaintiff declining to plead further, the petition was dismissed as to the surety company, and of this Taylor complains and prosecutes this appeal, seeking a reversal of the judgment, asserting that a surety upon the official bond of a policeman of the city of Louisville is liable for the act of the policemen in committing assault and battery upon a prisoner while confined in a station house by said policeman, after having been arrested by him, there being no effort on the part of the prisoner to escape or to assault the officer.

"An arrest may be made by a peace officer or by a private person. A peace officer may make an arrest (1) in obedience to a warrant of arrest delivered to him, (2) without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony.'' Crim. Code, sec. 36.

"A peace officer in this state, under the provisions of section 36 of the Criminal Code, may lawfully arrest one only in obedience to a warrant delivered to him, or without a warrant if a public offense is committed in his presence, or if he has reasonable grounds to believe that the arrested person has committed a felony.'' Morton v. Sanders, 178 Ky. 839.

"A policeman of the city of Louisville, like any other peace officer, can make an arrest without a warrant only where a public offense is committed in his presence, or he has reasonable grounds for believing that the person arrested has been guilty of a felony.'' Madden v. Meehan, 151 Ky., 220.

"A peace officer can make an arrest without a warrant only where a public offense has been committed in his presence, or where he has reasonable grounds for believing that the person arrested has committed a felony.'' Jamison v. Gaernett, 10 Bush 222.

According to the allegations of the petition as amended, the arrest of Taylor "was wrongful and without warrant or judicial order, or other authority of law, and at said time plaintiff (Taylor) was acting in a quiet, peaceable and law-abiding manner, and he had not committed any breach of the peace, or committed any offense, either a misdemeanor or felony, in or out of the presence of defendants, or either, and that neither of said defendants had reasonable grounds to believe plaintiff (Taylor) had committed a misdemeanor or a felony."

If these allegations be true, and upon demurrer they are so considered, then the acts of the policemen were their individual acts and not their official acts, or acts done by virtue of their office. The policemen had no right to arrest Taylor without a warrant, or other order of a court, unless he had committed a public offense in the presence of the officers, or the officers had reasonable grounds for believing that Taylor had committed an offense. The allegations of the petition show that the arrest of Taylor was made without process of any kind and that Taylor had committed no public offense, either in or out of the presence of the officers. The officers had no writ for Taylor; he had committed no public offense, either in or out of their presence, and they had no reasonable grounds to believe that Taylor had committed a felony. There was, therefore, no grounds for the exercise of their authority as policemen. Where there is a duty imposed by law on a police officer, as when he has in his hands a warrant, or a public offense is committed in his presence, if the duty is neglected, or performed in an improper manner, the surety is liable; but if there is no duty imposed upon the officers, as aforesaid, to make an arrest and the officer voluntarily undertakes to do so, and thereby commits a trespass, the surety is not liable. Whatever the policemen did to Taylor, if anything, was their individual acts and not their official act. In order for the surety to become liable on the bonds of Shields and Shore, their acts must have been done by virtue of their office as policemen, and in order for their acts to have been so done, the acts must have been done in attempting to serve or execute a writ or process, or as a means to that end, or in acting under a statute giving them the right to arrest without a writ or process. If they acted otherwise, and without a writ or other process, and without Taylor having committed a public offense in

their presence, then they acted as individuals and not as officers. If they acted on their individual responsibility they are liable for the trespass as individuals, but the surety on their official bond is not liable, because the act was not an official act, or done by virtue of their offices. "When an officer assumes to act under color of his office, having no writ or process whatsoever, or having process, which on its face, is utterly void, it seems to be the prevailing doctrine that whatever he may do under such circumstances imposes no liability on his surety. To constitute color of office such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of, the officer claimed to be acting in an official capacity. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is at the time no statute which authorizes the act to be done without process, then there is no such color of office as will enable him to impose a liability upon the sureties in his official bond." Chandler v. Rutherford, et al., 101 Fed. 774; Jones v. Van Bever, 164 Ky. 80; Kouns v. Townsend, 165 Ky. 163; Jewell v. Mills, 3 Bush, 64; Murrell v. Smith, 3 Dana 463; Calvert v. Stone, 10 B. Monroe, 152; Commonwealth v. Hurt, 23 Ky. L. R. 1171; Carson's Admr. v. Dezarne, 28 Ky. L. R. 761.

"An official bond is not regarded as imposing liability for the purely personal acts of officers not done as a part of or in connection with their official duty, as for example, the receipt of money which it was not the officer's duty to receive, or the arrest of an individual, or the seizure of property without a warrant." 29 Cyc. 1455; 2nd R. C. L. 486.

In the case at bar, no writ had been issued for Taylor, and the officers had no process whatever for his arrest, and he had committed no public offense either in or out of their presence, and, therefore, there was no excuse whatever for his arrest by Shields and Shore. They were not, therefore, acting in their official capacity or by virtue of their office, because they were not armed with a writ for his arrest, and there was no statutes or city ordinances authorizing the arrest of a person who had committed no public offense, without a warrant.

It therefore appears Shore and Shields were acting in their individual capacity and that their surety, Chicago Bonding & Surety Company, is not liable for their will-

ful and wanton trespass, as alleged in the petition as amended, and the general demurrer was properly sustained to the petition as amended, and the plaintiff failing to plead further as to the bonding company, the petition was properly dismissed.

The allegation of the petition that the policemen Shields and Shore were "acting as police officers of the city of Louisville," is a mere description of the person, or a conclusion of the pleader, and does not sufficiently show that Shields and Shore were acting by virtue of their offices at the time of the alleged assaulting and beating of Taylor.

Judgment affirmed.