## Sauer v. The Fidelity and Deposit Co. of Maryland.

(Decided November 15, 1921.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Policeman's Bond—Condition Not Prescribed by Statute.—A policeman's bond, containing a condition not prescribed by the statute, in pursuance of which the bond was executed, is binding upon the parties to it, according to its terms, by virtue of section 3751, Ky. Stats., where the statute does not expressly declare void a bond, which contains other terms than those prescribed for a bond, executed in pursuance of it.

2. Municipal Corporations—Policemen.—The provisions of section 3139, Ky. Stats., relating to the second class cities, do not make necessary the adoption of an ordinance to that effect, when a policeman's superior assigns him to the duty of driving the police ambulance.

3. Municipal Corporations—Ambulance or Patrol Wagon—Duty of Policeman.—An ambulance or patrol wagon is a part of the instrumentalities of a police department, and its driving by a policeman is as much a duty of his office, when so assigned by his superiors to that duty, as it is to walk a beat or arrest a disturber of the peace.

HORACE W. ROOT for appellant.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

The appellant, who was the plaintiff below, averred by his petition as amended, that the appellee, who was the defendant below, was a corporation, and among its powers had authority to become a surety on official and other bonds, and in pursuance of such power became and was the surety of its co-defendant, Michael Scheben, in his official bond, as a policeman of the city of Newport. Scheben was a duly qualified and acting policeman of Newport, and among other things it was a duty of his office to drive the motor patrol or ambulance over the streets of the city, for the purpose of conveying prisoners to the jail, and from the jail to the court room and conveying the injured and sick from the streets, highways and buildings of the city, to their homes, the hospitals and jails, as necessity might require, and while engaged in conveying an injured person, suddenly taken sick and found upon the street, to the home of such person, in the ambulance, he negligently and carelessly ran the ambulance against the automobile of appellant, who was operating same upon the street, and damaged it in the sum of $550.00. The appellant further alleged that there was an ordinance of the city entitled, "An ordinance fixing the amount of the bond to be given by members of the police force of the city," and which provided that each member of the police force should, before beginning the discharge of his duties as such, give bond for the faithful performance of his duties to the city of Newport, in the sum of $1,000.00, with good and approved sureties, and that in pursuance of such ordinance, Scheben executed the bond with the appellee as surety; that Scheben, at the time of the execution of the bond, had been duly assigned by the city to the duty of driving the ambulance for the purposes aforesaid, and that the appellee became surety in the bond with knowledge of the duties of the office of Scheben, and that it was after the execution of the bond, and while it was in full force and effect, that the alleged negligent acts were done. A copy of the bond, which was duly approved and accepted by the proper authorities of the city, was filed with the petition as amended, and is in words and figures as follows:

"Know all men by these presents, that Michael Scheben, as principal, and Fidelity & Deposit Co. of Maryland, a corporation organized under the laws of Maryland, as surety, are held and firmly bound to the Commonwealth of Kentucky, and the city of Newport, in the sum of $1,000.00, well and truly to be paid."

The condition of the foregoing bond is as follows:

"Whereas Michael Scheben has been engaged as a policeman of the city of Newport, Kentucky, during the pleasure of the board of commissioners of said city. Now, if the said Michael Scheben shall well and truly perform the duties of said position, and commit no trespasses against any person, under the guise of said position, for which he or the city may be held liable, then this bond shall be null and void, otherwise remain in full force and effect. . . ."

The defendant, Michael Scheben, and, also, the appellee, offered general demurrers to the petition as amended. The demurrer of Scheben was overruled, but the demurrer of the appellee was sustained, and the appellant and plaintiff declining to plead further, the petition, as amended, was dismissed against the appellee, and the appellant has appealed.

The circuit court was of the opinion, that the petition, as amended, did not state sufficient facts to constitute a cause of action against the appellee, as a surety upon the bond. The grounds upon which, it is insisted, that the petition as amended is insufficient, are:

1. The bond being a statutory one, the terms and conditions of which are prescribed by the statute, and it containing a condition, which is not authorized by the statute, it is void, or at least the unauthorized condition is a nullity, and if it is eliminated, the remaining conditions of the bond are not such as to create a liability of the surety, for the act complained of.

2. The petition fails to state, that there was any ordinance of the city, which made it a duty of the office of the policeman, Scheben, to drive the ambulance.

3. The surety was only obligated for the faithful discharge by the principal of the ordinary duties of a policeman, and not for such uncommon duties as driving an ambulance.

These grounds will be considered in their order.

(a) Section 3141, Ky. Statutes, which is a part of the charter of cities of the second class, to which class the city of Newport belongs, provides that "Each policeman shall give such bond as may be prescribed by ordinance, . . . for the faithful discharge of his duties." Section 3168, Ky. Stats., also, a part of the charter of cities of the second class, provides that policemen "shall execute such bond, with such surety as may be required by ordinance; to the city, conditioned that they will faith-

fully perform all the duties of their office and pay over all sums of money that may come into their hands to the persons entitled thereto." The ordinance pleaded in the petition as amended provides, that a policeman before entering upon the discharge of his duties, shall execute bond for the faithful performance of his duties, to the city of Newport in the sum of $1,000.00, with good and approved securities. It will be observed, that the bond executed by Scheben, in addition, to the condition, that he would "well and truly perform the duties of said position" contains a condition which is not prescribed by the statute nor the ordinance, which is, that he will "commit no trespasses against any person, under the guise of said position, for which he or the city may be held liable." Neither does the bond contain a condition prescribed by section 3168, *supra,* which is, "and pay over all sums of money that may come into their hands to the persons entitled thereto." A reading of section 3141 and 3168, *supra,* shows clearly that the office of the ordinance therein referred to, is to fix the amount of the penalty of the bond and to provide for the sureties, while the statutes themselves prescribe the conditions of the bond. The ordinance fixes the penalty and the sureties. Neither the principal nor the surety can complain of the omission from the bond of the covenant that the principal will pay over all moneys, that may come to his hands to the persons to whom same belongs, as they cannot be heard to complain that the obligations of the bond are less than prescribed by the statute. The great weight of common law authority is to the effect that a statutory or official bond is not void, because it contains a covenant or condition which is not prescribed by the statute, although the statute in pursuance of which it is executed, prescribes its terms and conditions, unless the statute expressly provides, that it shall be void on that account. The general rule is, that unless the statute expressly provides, only those parts of the bond, which are contrary to the provisions of the statute are void, and the rest of the conditions will stand and be enforceable. State v. McGuire, 46 W. Va. 328; People v. Hartley, 82 Amer. Dec. 760; Stephens v. Crawford, 44 Amer. Dec. 688. In accordance with this principle, it is insisted, that the condition in the bond providing, that the principal will "commit no trespasses under the guise of his office for which he or the city will be held liable," not being prescribed by the statute, that although the bond may not be void, the unprescribed

condition is, and when the condition is eliminated, that the principal "will well and truly perform the duties of said position," which is the same meaning as that he will faithfully discharge the duties of the office, and which will be left in the bond, will make the surety liable only for a misfeasance, malfeasance or nonfeasance by the principal, and that the negligence complained of in the petition is neither. However, it being the duty of the principal's office as a policeman to drive the ambulance, it was his duty to drive it with care, so as not to negligently injure any one. If he executed the duties so negligently as to create injury, it seems, that this would be a malfeasance in the execution of the duties of his office. Passing this contention, however, although the condition that the principal will "commit no trespasses under the guise of his office for which he or the city will be held liable," is a condition in the bond not prescribed by the statute, it is enforceable according to its terms, and a trespass of the principal, arising from the negligent performance of the duties of his office, is an injury, for which the surety is liable. This is provided by the provisions of section 3751, Ky. Stats., which are as follows:

"The obligation required by law for the discharge or performance of any public or fiducial office, trust or employment, shall be a covenant to the Commonwealth of Kentucky from the person and his sureties, that the principal shall faithfully discharge the duties of the office, trust or employment, but, a bond or obligation taken in any other form, shall be binding on the parties thereto according to its terms." This court held the instant bond to be binding upon the parties according to its terms, in Manwaring v. Geisler, 191 Ky. 532, although, in that case, the question of the validity of the bond was not in controversy. The instant bond was voluntarily executed, the consideration was the appointment to the office, and the unprescribed condition is not contrary to any law.

(b) The second ground upon which the demurrer is insisted upon is based upon the provisions of section 3139, Ky. Stats., which provide generally that the commissioners shall especially require the policemen to perform all duties required by law or by ordinance. The provisions of this statute, taken in connection with others relating to the control of the policemen, does not mean, that it was necessary, in order to assign to Scheben the duty of driving the police ambulance that an ordinance to that

effect should have been adopted. Section 3138, Ky. Stats., provides that the commissioners may prescribe the several duties of all the officers. A police ambulance or patrol wagon is a part of the instrumentalities of a police department, and when a policeman is assigned by his superiors to drive the ambulance, it is as much his duty to do so, as it is ordinarily for a policeman to walk a beat or to arrest a disturber of the peace, and when so engaged he was performing a duty of his office. It has grown to be a part of the common law applicable to policemen and cities.

(c) Touching the third ground of the demurrer, it need only be said that the petition as amended avers, that Scheben had been assigned to the duty of driving the ambulance, when he executed the bond, and that the surety had knowledge that such was his office and duties, when it became bound upon the bond. There was no change in the duties of Scheben, after the execution of the bond. Besides, the surety must have known, that the bond was executed to insure the performance of any of the duties of a policeman to which he might be assigned.

The judgment is, therefore, reversed, with directions to the trial court to overrule the demurrer, and for other proper proceedings not inconsistent with this opinion.