## Louisville & Nashville Railroad Company, et al. v. Offutt, by, etc.

(Decided June 24, 1924.)

### Appeal from Whitley Circuit Court.

1. False Imprisonment—Newsboy Arrested Without Being Taken Before Magistrate Unlawfully Imprisoned.—A newsboy twelve years of age was unlawfully imprisoned, where arrested without warrant by policeman for carrier and placed in jail without being

taken before county judge or police judge or magistrate, such being a violation of Criminal Code of Practice, section 46, and Ky. Stats., section 331e-5.

2.   False Imprisonment—Railroad Liable for False Imprisonment by Policeman.—Railroads are liable for unlawful arrest and imprisonment by railroad policeman appointed under Ky. Stats., sections 779a-1 to 779a-8.

3.   False Imprisonment—$500.00 Damages Not Excessive.—Where railroad policeman arrested a newsboy twelve years old without a warrant, and, instead of taking him before a judge or migistrate, put him in jail, without advising his relatives or friends, and the boy remained in jail along with real criminals about two hours, a verdict of $500.00 was not excessive.

WOODWARD & WARFIELD and TYE & SILER for appellants.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Affirming.

Appellee, Manly Hugh Offutt, suing by his next friend, A. M. Offutt, recovered a judgment for $500.00 against the appellants, W. H. Barker and Louisville & Nashville Railroad Company, in the Whitley circuit court, in an action for false arrest and imprisonment, and this appeal is prosecuted from that judgment.

It appears that the appellee, twelve years of age, a newsboy, living in Corbin, Kentucky, on March 18, 1921, about three o'clock in the afternoon, was at the passenger depot of the Louisville & Nashville Railroad Company and boarded a passenger train to sell his papers. It started while he was yet on it and as he alighted from the moving train he was arrested by the appellant, W. H. Barker. The petition alleged—and the answer admitted—that at the time Barker was a duly appointed, qualified and acting railroad policeman for his co-appellant, Louisville & Nashville Railroad Company. After making the arrest, and without taking appellee before the county judge of Whitley county, or the police judge of Corbin, or any magistrate of that county, Barker took him immediately to the city jail and locked him up and then returned to his duties at the railroad depot. Appellee's imprisonment was in violation of section 46 of our Criminal Code, which provides that after an arrest is made without a warrant by either a peace officer or private person, the defendant shall be forthwith taken before the most convenient magistrate of the county in which the arrest is made and the grounds on which the

arrest was made shall be stated to the magistrate; and in violation of section 331e-5, of the Kentucky Statutes, providing:

"When any child within the provisions of this act is arrested with or without a warrant it shall, instead of being taken before a justice of the peace or police magistrate, be taken directly before the county court, or if it shall be taken before a justice of the peace or police magistrate upon warrant sworn out in such court, or for any other reason, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such county court, and it shall be the duty of the officer having the child in charge to take the child before said county court."

The imprisonment of appellee was unlawful and inexcusable and cannot be justified.

The only question presented by the appeal, as we see it, is that raised by appellant, Louisville & Nashville Railroad Company. It contends that it was not responsible for the false imprisonment of the appellee, for the reason that the relation of master and servant did not exist between it and him, so as to make it liable, *respondeat superior;* but that in arresting and imprisoning appellee the policeman was acting as a public peace officer, in the discharge of his duties as such, and that for any tort committed by him while so doing it is not liable.

Sections 779a-1 to 779a-8, inclusive, of the Kentucky Statutes, relate to railroad policemen. By them it is provided that any corporation owning, using or operating a railroad in this state may designate persons and apply to the Governor, who shall thereupon commission them as railroad policemen. Such policemen, before entering upon the discharge of their duties, are required to execute bond and take oath in the county court of the county where they reside. The fact of their having executed bond and taken the oath is required to be endorsed upon the commissions by the judge of the county court, and certified copies of the commissions, with the endorsements thereon, must then be recorded in the office of the county clerk of every county throughout or into which the railroad runs for which or in which it is intended they shall act. It is provided that railroad policemen, in the counties in which they are authorized to act, shall have the power of sheriffs or constables in making ar-

rests and in serving process in criminal and penal prosecutions; that they shall be subject to all the liabilities of such sheriffs or constables while in the discharge of their duties; and that their sureties shall be responsible upon their bond. Authority to exercise the powers conferred upon them is confined to the trains and depots of their respective railroads. It is provided that such policemen shall be paid not from public funds but by the railroad company for which they are appointed; and the rate of compensation is not fixed by the statute but by agreement between the policeman and the railroad company. The railroad company may terminate their powers and services at any time by filing notice of the fact in the several clerks' offices in which their commissions have been recorded. From this summary of the statutory provisions relative to the question, it is manifest that railroad policemen are employed and paid by the railroad companies who designate them and have them commissioned. The compensation paid them is paid by the railroad companies for the services they perform for them as special policemen. They are selected by and commissioned for the special benefit and protection of the railroad companies. The power and authority granted them to act as peace officers is confined solely to the limits of the railroad property, its trains and depots. The railroad company is the employer. The service to be performed by its employee, in consideration of the compensation paid by it to him, is that, for the special benefit and protection of the railroad company, the policeman will exercise the powers conferred upon him by the statute. They are employed, paid and may be discharged by the companies at will, and while engaged in the service for which they are employed must wear a badge signifying that they are railroad policemen. It could not be contended that for a false arrest and imprisonment directed by any of the officers or agents of a railroad company, though made by a sheriff, the company would not be liable. It is our opinion that since railroad companies only may select, pay and discharge them, when they employ them they thereby invest their railroad policemen with the authority to determine for them when an arrest shall be made, who shall be arrested, and what disposition shall be made of those arrested, and that for their illegal acts in making arrests and disposing of those arrested the railroad company is liable just as if it had directed them.

Upon the question, in L. & N. R. R. Company and Curt Jones v. Owens, 164 Ky. 557, we have heretofore written:

"It is well settled that a corporation is liable for false arrest or malicious prosecution made or instituted by an agent, while engaged in the course of his employment and within the scope of his authority. Mechem, Agency, section 741, page 582; Williams v. Planters' Ins. Co., 57 Miss. 759. . . . So it is held that where a corporation selects an agent to detect and arrest offenders, it is responsible for acts of the agent committed within the general scope of his employment and in furtherance of the master's business, although the agent may have violated instructions and arrested an innocent person. Pennsylvania Company v. Weddle, 100 Ind. 138; Harris v. Louisville N. O. & T. R. Co., 35 Fed. Rep. 116; Evansville & T. H. R. Co. v. McKee, 99 Ind. 519, 50 Am. Rep., 102."

We are aware that the views herein expressed are in conflict with the opinions of the courts of last resort of many of the other states where statutes similar to our own are in force. However, our careful consideration of the question has left us with the conviction that our position is the better taken, our conclusions the more logical. We are of the opinion that in arresting and imprisoning appellee appellant, Barker, was the employee of appellant, L. & N. Railroad Company; that he was engaged in the course of his employment and acting within the general scope of his authority, and that for any wrong committed by him in so doing it is liable.

Seldom has an instance come under our observation in which less judgment and discretion and less regard for the commonly known law relative to a peace officer's authority and duty when making an arrest were displayed than that disclosed by the record in this case. Appellee, Offutt, twelve years of age, and two other little boys, about the same age, were wrongfully and unlawfully imprisoned by appellant, Barker. Others, real criminals, were in jail at the same time. Appellant took no steps to advise appellee's relatives or friends of the fact that he had imprisoned him. Appellee remained in jail approximately two hours. Taking into account all these facts, we can not hold with appellants' contention that the verdict is excessive.

Judgment affirmed.