## Lewis, et al. v. Treadway, et al.

(Decided November 10, 1925.)

### Appeal from Montgomery Circuit Court.

Sheriffs and Constables—Surety Not Liable on Official Bond for Unlawful Arrest by Constable Not in Official Capacity.—In action on surety bond of constable, where plaintiff's petition negatived

every state of facts under which a peace officer might have made lawful arrest, and directly charged that no facts existed at time authorizing such arrest, held that arrest by constable was unlawful, and not in his official capacity, and surety company was not liable therefor on a bond providing that constable should "faithfully and truly execute and perform said office of constable," and demurrer to the petition was properly sustained.

HENRY WATSON for appellants.

ROBERT H. WINN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This action was instituted by appellant, Gay Lewis, against appellee, W. P. Treadway, a constable, of Montgomery county, Kentucky, and the surety on his official bond, to recover damages for an alleged unlawful arrest. The trial court sustained a demurrer to the petition in so far as it undertook to state a cause of action against appellee, the Fidelity and Casualty Company of New York, and entered judgment dismissing the petition as to it. This appeal has been prosecuted from that judgment.

The petition charges that the arrest complained of was made by the officer whose official bond appellee surety company had signed when the constable had no warrant for appellant's arrest, when appellant was not committing any violation of law in his presence, and when he did not have reasonable grounds to believe that appellant had committed a felony. The petition expressly negatived every state of facts under which a peace officer might have made a lawful arrest, and directly charged that no facts existed at the time of his arrest legally authorizing the constable to place him under arrest. In that state of case, as was written by this court in Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E 172:

"We find the rule to be thoroughly established that, in order to render the sheriff liable for the act of his deputy, the act of the deputy must be done by virtue of his office as deputy; and, in order for the deputy's act to have that character, it must be done in an attempt to serve or execute a writ or process, and as a means to that end, or in acting under a statute giving him the right to arrest without a warrant; otherwise he is acting as an individual. In other

words, when a deputy sheriff, although he assumes to act as such, commits a wrong under circumstances where the law does not impose a duty on him to act at all, the wrong is not a violation of any official duty, and is not embraced within the sponsorship of his principal.'' (See also Taylor v. Shields, 183 Ky. 669; Rice v. Lavin, 199 Ky. 790; Elam v. National Surety Company, 201 Ky. 74; and Fidelity and Casualty Company of New York v. White, 209 Ky. 402.)

In Taylor v. Shields, *supra,* it was said:

"If he (the arresting officer) is armed with no writ, or if the writ under which he acts is utterly void, and if there is at the time no statute which authorizes the act to be done without process, then there is no such color of office as will enable him to impose a liability upon the sureties in his official bond.''

The officer's arrest of appellant was unlawful, and it follows that when the arresting officer so acted he was acting not in his official capacity, in contemplation of the terms of his official bond, signed by appellee surety company, but in his individual capacity, for which appellee surety company is not liable. The bond signed by appellee surety company by its terms provided that the constable should "faithfully and truly execute and perform the said office of constable.'' The terms of the bond herein and those in the case hereinbefore cited differentiate this case and those cited, *supra,* from Manwaring v. Geisler, 191 Ky. 532, and Sauer v. The Fidelity and Deposit Company, 192 Ky. 758.

The judgment of the lower court in sustaining the demurrer to appellant's petition, in so far as it undertook to state a cause of action against appellee surety company, being in accord with the rule on the question uniformly adhered to by this court, is therefore affirmed.