## Fidelity and Deposit Company of Maryland v. Hall, by Next Friend, etc.

(Decided June 8, 1926.)

### Appeal from Boyd Circuit Court.

Sheriffs and Constables—Surety on Constable's Bond Held Not Liable for "Acts" of Constable's Deputy in Making Arrest Without Authority of Law (Criminal Code of Practice, Section 36; Ky. Stats., Sections 424, 425).—In action for false imprisonment where arrest was made by deputy constable in individual capacity and not within authority of Criminal Code of Practice, section 36, surety on constable's bond under Ky. Stats., sections 424, 425, conditioned that he fatihfully discharge duties of office, held not liable, notwithstanding liability for all acts of deputies; "acts" within statute meaning those performed under authority of law.

DYSARD & MILLER for appellant.

J. S. FULLERTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On April 28, 1924, John Johnson was appointed and qualified as constable of district No. 1 in Boyd county. He executed bond with the Fidelity and Deposit Company of Maryland as surety, by which they covenanted with the Commonwealth in the penal sum of $500.00 "that the said John Johnson as constable of district No. 1, —— county, shall well and truly discharge all the duties of said office according to law and pay over to all parties entitled thereto all funds that may come into his hands by virtue of his office as constable aforesaid." On May 3, 1924, Bud Hall was regularly appointed and qualified as deputy constable under Johnson. In the month of October, 1924, the deputy arrested Gladys Hall and her companions and carried her to the city jail of Ashland, where she was incarcerated for a period of three hours. In this action against the deputy, and the constable and his surety, for false arrest and imprisonment, Gladys Hall, an infant, suing by her next friend, was awarded damages in the sum of $1,000.00. Thereupon judgment was rendered against the constable and his deputy for that amount, and against the surety for the sum of $500.00. Only the surety has appealed.

The action is based on section 424, Kentucky Statutes, which provides that "Every person who shall be elected or appointed constable shall, before he enters upon the duties of his office, execute bond, with good sureties, to be approved by the judge of the county court, payable to the Commonwealth of Kentucky, conditioned that he will faithfully discharge all the duties of his office," and on section 425, which provides that "A constable may appoint one or more deputies, by and with the consent of the county judge, who shall have all the powers of constables, and the constable and his sureties shall be liable on his bond for all the acts and omissions of his deputies." In addition to other facts not material, the averments of the petition are as follows:

"The plaintiff further says that on the — day of October, 1924, while the defendant Bud Hall was acting under said bond as deputy constable of the said Johnson in Boyd county, Kentucky, he and said Bud Hall acting unlawfully, willfully, maliciously, corruptly and cruelly arrested the plaintiff, Gladys Hall, in Boyd county, Kentucky, when the plaintiff was not violating any law of the state of Kentucky

in the presence of said Bud Hall, and when she had been guilty of no offense against any law of the state of Kentucky, and when there was no grounds to believe that she had committed any felony in violation of the laws of Kentucky or any other laws and took and carried her to the city jail of Ashland, Kentucky, and caused her to be incarcerated therein for a period of three hours, to-wit: from eight-thirty p. m. to eleven-thirty p. m.''

Later on there was filed an amended petition containing the following allegations:

"For further amendment he says that the defendant, Bud Hall, at the time of the arrest set out in his petition, was acting in his official capacity as deputy constable and under color of his said office and that he had no warrant of arrest for plaintiff, Gladys Hall.''

The evidence supports the allegations of the petition and amended petition that at the time of plaintiff's arrest the deputy constable had no warrant for her arrest, that she was not then violating any law of the state in his presence, and had not been guilty of any offense against the law of the state, and that there were no grounds to believe that she had committed a felony. Not only so, but there was no evidence to the contrary.

Appellant insists that both its demurrer to the petition and its motion for a peremptory instruction should have been sustained. In the case of Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, we held that Criminal Code of Practice, section 36, authorizing a peace officer to make an arrest (1) under a warrant, and (2) without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony, defines when an officer may make an arrest, and an officer making an arrest in any other way acts in his individual and not official capacity; and that while a deputy is personally liable for any misconduct, the sheriff is only liable when the deputy acts officially, for and on behalf of the sheriff. We also held that an allegation in a petition in an action against a sheriff for a wrongful arrest by deputies, that the arrest was made in their official capacities, is a mere conclusion and does not sustain a cause of action, where the facts alleged contradict it, and show that the arrest was made by the deputies in their individual ca-

pacities. Following this rule we have uniformly held that the sureties on a bond of an officer conditioned that he will faithfully discharge all the duties of his office are not liable for an arrest made without authority of law. Taylor v. Shields, et al., 183 Ky. 669, 210 S. W. 168; Fidelity & Casualty Co. of New York v. White, 209 Ky. 402, 272 S. W. 902; Lewis v. Treadway, 211 Ky. 140, 227 S. W. 309. In the last mentioned case the suit was against the constable and his surety to recover damages for an alleged unlawful arrest. In holding that the demurrer to the petition was properly sustained the court said: "The petition charges that the arrest complained of was made by the officer whose official bond appellee surety company had signed, when the constable had no warrant for appellant's arrest, when appellant was not committing any violation of law in his presence, and when he did not have reasonable grounds to believe that appellant had committed a felony. The petition expressly negatived every state of facts under which a peace officer might have made a lawful arrest, and directly charged that no facts existed at the time of his arrest legally authorizing the constable to place him under arrest. . . . The officer's arrest of appellant was unlawful, and it follows that when the arresting officer so acted he was acting not in his official capacity, in contemplation of the terms of his official bond, signed by appellee surety company, but in his individual capacity for which appellee surety company is not liable." The fact that the statute makes the constable and his sureties liable on his bond for "all the acts" of his deputies does not alter the rule, as the word "acts" means only those acts which the deputy performs as an officer under authority of law, and not his acts in an individual capacity. Of course a different rule applies where the terms of the bond are broad enough to cover trespasses committed by the officers. Manwaring v. Geisler, 191 Ky. 532, 230 S. W. 918; Sauer v. Fidelity & Deposit Co. of Maryland, 192 Ky. 758, 234 S. W. 434. As the petition and evidence in this case negative every state of facts under which the deputy constable might have made a lawful arrest, it follows that he was acting in his individual capacity and not in his official capacity, hence, appellant as his surety is not liable, and both its demurrer and motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.