## Combs v. Collier, et al.

(Decided May 27, 1927.)

### Appeal from Letcher Circuit Court.

1. Pleading.—Demurrer to petition admits truth of averments therein.
2. Appeal and Error.—In action for false imprisonment on appeal from dismissal sustaining demurrer to petition, answer, alleging arrest for being drunk and disorderly and putting plaintiff in jail for safe-keeping because of absence of proper magistrate before whom he could be taken pursuant to Criminal Code of Practice, section 46, cannot be considered; only question being suficiency of petition.
3. False Imprisonment.—Under Criminal Code of Practice, section 46, requiring one arrested without warrant to be forthwith taken before magistrate, petition alleging arrest and imprisoning plaintiff for over two hours, regardless of his request to be taken before magistrate, was good on demurrer.

FELIX G. FIELDS for appellant.

HAWK & LEWIS for appellees.

Opinion of the Court by Judge Rees—Reversing.

This action was instituted in the Letcher circuit court by the appellant, John D. Combs, to recover damages of the appellees Paul Collier, Willis Collier, and W. M. Reynolds for false imprisonment. Paul Collier is the town marshal of Whitesburg, and W. M. Reynolds is the jailer of Letcher county. The appellee Willis Collier assisted Paul Collier in arresting appellant. The arrest was made without a warrant.

A demurrer to the petition was sustained, and, the plaintiff failing to plead further, a judgment was entered dismissing his petition, and from that judgment he has appealed.

The petition alleges, in substance, that on the 23rd day of August, 1925, and while the appellant was riding along and upon the streets of the town, he was unlawfully, wrongfully, and by force and violence assaulted and arrested by Paul Collier and Willis Collier, and carried by them through the streets of Whitesburg and delivered to the appellee W. M. Reynolds, who, with the aid and assistance of Paul Collier and Willis Collier, incarcerated him in jail, where he remained for a period of more than two hours; that as soon as he was arrested he requested and demanded to be taken before the county judge or some magistrate for a trial upon any charge that might be preferred against him, and, if he could not be given a trial, that proper warrants be issued and he be allowed to give bond for his appearance before a court of competent jurisdiction to answer any charges that might be preferred; that he then and there informed the Colliers that he was able, willing, and ready to give any kind of a bond that might be required for his appearance at any time to answer such charges as might be preferred against him; that there were persons present who were financially responsible and who were able, willing, and ready to sign such bond; that the county judge and a magistrate were in the town of Whitesburg and could be easily located; that the defendants, over his protect, imprisoned him without taking him before the county judge or any magistrate and giving him an opportunity to give bail.

Section 46 of the Criminal Code provides in part:

"If an arrest be made without a warrant, whether by a peace officer or private person, the de-

fendant shall be forthwith carried before the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest was made shall be stated to the magistrate.''

A demurrer to a petition admits the truth of the averments of the petition, and, if the averments in the petition in this case are true, appellant's imprisonment was in violation of section 46 of our Criminal Code, as the petition alleges that he was not forthwith taken before the most convenient magistrate of the county, though he demanded of appellees that he be taken before the proper judicial officer in order that he might stand trial on any charge that might be preferred against him, or give bail for his appearance on a day to be named. Louisville & Nashville Railroad Co. v. Offutt, 204 Ky. 51, 263 S. W. 665.

The appellees, without waiving their demurrer, filed an answer in which they alleged that appellant was arrested for being drunk and disorderly, and at the time of the arrest was so intoxicated that he could not be taken before a magistrate, and, further, that at the time there was accessible no magistrate, police judge, county judge, or other official who had jurisdiction to issue a warrant, or to try the appellant, and that, owing to his intoxicated condition. it was necessary to place him in jail for safe-keeping.

The facts set out in the answer are matters for defense, and cannot be considered on this appeal. The only question before us for determination is the sufficiency of the petition, and. being of the opinion that it stated a cause of action, the judgment is reversed, with directions to overrule the demurrer thereto.