## Hogg v. Lorenz et al.

(Decided June 10, 1930.)

752

WOODWARD, HAMILTON & HOBSON for appellant.

O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Greene Hogg instituted an action against a magistrate, constable, deputy constable, and the corporate surety on the constable's official bond, to recover damages for an alleged false arrest and imprisonment. He charged that the deputy constable falsely and maliciously and without any probable cause, but under color of his office, accused the plaintiff with having committed a breach of the peace in the presence of the officer, arrested him therefor, and put him in jail under an order of commitment signed in blank by the magistrate. He alleged

also that the deputy constable refused to take the prisoner before any magistrate or judicial officer, or to permit him to furnish bond, but instead falsely filled out the blank order of commitment theretofore signed by the magistrate, and upon the authority of that alleged process left plaintiff for several hours in the custody of the jailer. A demurrer to the petition submitted on behalf of the defendants other than the deputy constable was sustained. The plaintiff declined to plead further, the action was dismissed as to the magistrate, constable, and surety company, and from the order of dismissal the present appeal is prosecuted. The case was retained on the docket for trial as to the deputy constable, who had interposed a defense consisting of a denial of the charges.

It is plain that the ruling of the circuit court was correct in so far as the magistrate was concerned. There is no charge of any official or other misconduct on his part. The allegation is that the deputy constable was in possession of a blank order of commitment duly signed by the magistrate, but there is no allegation that the magistrate participated in any way in the wrongful conduct of the deputy constable, or had any knowledge thereof. It is not explained how the order of commitment happened to be signed in blank, or how it came into the custody of the deputy constable. The law raises a presumption, in the absence of an averment of facts tending to show the contrary, that the magistrate acted lawfully and consistently with his official obligations. Connelly v. American Bonding & Trust Co., 113 Ky. 903, 69 S. W. 959, 24 Ky. Law Rep. 714; Baker v. Combs, 194 Ky. 260, 239 S. W. 56.

The liability of the constable and his surety depend upon whether the wrongful conduct of the deputy constable was an official act within the scope of his authority. Lewis v. Treadway, 211 Ky. 140, 277 S. W. 309, dealt with an action against a constable and his surety to recover damages for an unlawful arrest It was alleged that the officer, whose official bond the surety had signed, had arrested the appellant when he was not committing any violation of law in the presence of the officer, and when the latter had no reasonable grounds to believe that he had committed a felony. The averments of the petition excluded every state of facts under which the peace officer might have made a lawful arrest, and directly charged an illegal arrest. It was held that the surety's

demurrer to the petition was properly sustained. That case arose under the same statute under which the bond in this case was given, and the principle of Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172, was applied. In Blanton v. Reed, 217 Ky. 533, 290 S. W. 347, the plaintiff alleged that a deputy wrongfully, maliciously, and without any authority of law so to do had arrested plaintiff and restrained him of his liberty. It was held that the deputy was acting individually and not officially, and neither his principal nor the surety on his official bond was liable for acts of that character. In Fidelity & Deposit Co. v. Hall, 215 Ky. 36, 284 S. W. 426, a deputy constable, without cause, had arrested a woman and placed her in jail. The petition contained an allegation that the deputy acted unlawfully and maliciously when the plaintiff had not violated any law in his presence and had been guilty of no offense, and when no grounds existed for any belief on the part of the officer that she had committed a felony. The constable and his surety were held not liable for the acts of the deputy as delineated in the pleading.

It is argued that the petition in the present action may be construed as charging inferentially that the arrest was legal, because of the absence of allegations to the effect that no offense was committed in the presence of the officer, and that he had no reasonable grounds for belief that a felony had been committed. Proceeding from the postulate that the arrest was legal, it is insisted that the constable and his surety are liable for the acts of the deputy in failing to take the prisoner before the nearest magistrate as required by section 46 of the Criminal Code of Practice. If an arrest be made without a warrant, but lawfully under the authority of section 36 of the Criminal Code of Practice, it is neccessary, unless it is practically impossible or the right is waived (Klotz v. Cook, 184 Ky. 735, 212 S. W. 917), for the accused to be taken forthwith before a magistrate. Cf. Noe v. Meadows, 229 Ky. 53, 16 S. W. (2d) 505, 64 A. L. R. 648. In Jones v. Van Bever, supra, official acts of a deputy for which the principal and his surety are liable were defined to be such as may be done in the execution of some legal process not invalid on its face, or pursuant to some positive provision of law. An arrest made by an officer, under the authority of section 36 of the Criminal Code of Practice, for an offense committed in his presence, is legal, and the officer in such case is under obligation to

proceed as directed by section 46 of the Criminal Code of Practice. In Combs v. Collier, 220 Ky. 246, 294 S. W. 1069, a petition that alleged a lawful arrest of the plaintiff, and an imprisonment for two hours in disregard of the prisoner's demand that he be taken before a magistrate was held to state a cause of action. The difficulty encountered by the appellant's argument is that the allegations of his petition leave no room for the construction claimed. It is charged that the deputy constable acted maliciously and without any probable cause; that he falsely charged the plaintiff with having committed a breach of the peace in his presence; that the officer committed him to jail under a void order prepared by himself; and that the officer in every step he took proceeded wrongfully, maliciously, and without probable cause. The petition does allege that the officer refused to permit plaintiff to execute bond, and refused to take him before a judicial officer, but it is not alleged that he offered or was prepared to execute any bond, or demanded that he be given a hearing, or that any judicial officer was available. The gravamen of the charge is that the constable acted wrongfully and maliciously in falsely accusing the plaintiff of a breach of the peace in his presence, in taking custody and control of his person, and in committing him to jail on a mittimus void upon its face. It is impossible to spell out of the petition facts sufficient to state a cause of action upon any other theory. The averments that the acts of the deputy were malicious and without probable cause, and that the charge of an offense was falsely made by the deputy constable, are not to be disregarded as mere legal conclusions, as suggested in brief for appellant.

An allegation that an officer acted under color of his official character is not sufficient when contradicted by specific allegations that plaintiff had committed no offense, and the officer had no reasonable basis for a belief that he had done so (Jones v. Van Bever, supra; Fidelity & Deposit Co. v. Hall, supra), but the charge that acts were done wrongfully, maliciously, and without probable cause is not merely a legal conclusion. In actions of malicious prosecution the gist of the action is the abuse of the process of the court, and it is proper pleading to allege that the wrongful acts were done maliciously and without probable cause. Madden v. Meehan, 153 Ky. 648, 156 S. W. 116; Munday v. Gott, 146 Ky. 177, 142 S. W. 238. The want of probable cause for

malicious conduct is an essential ingredient of an action to recover damages therefor, and it must be stated in some form of substantive averment in order to make a good petition. Duncan v. Griswold, 92 Ky. 548, 18 S. W. 354, 13 Ky. Law Rep. 765; Newman's Pleading & Practice (3rd Ed.) sec. 330, p. 439. The same rule of pleading applies to actions for false arrest and imprisonment (Newman's Pleading & Practice [3rd Ed.] sec. 208c. p. 275), and the petition of the plaintiff aptly stated a cause of action against the deputy constable for a false arrest and imprisonment. It is quite true that the pleading does not say in so many words that plaintiff had committed no offense in the presence of the officer, or that the latter had no reasonable grounds for belief that plaintiff was guilty of a felony. But it does charge that the officer falsely asserted that plaintiff had committed a breach of the peace in his presence, and wrongfully arrested him for that reason. In view of the specification of the very ground upon which the deputy constable assumed to act, it was necessary to negative only that paricular assertion of authority. Noe v. Meadows, 229 Ky. 53, 16 S. W. (2d) 505, 64 A. L. R. 648. If the officer acted upon one ground, he could not justify his act upon another, although he was free to avail himself of all the grounds which actuated his conduct. Waddle v. Wilson, 164 Ky. 228, 175 S. W. 382. It is the duty of an officer who proposes to make an arrest to inform the person about to be arrested of the offense charged against him (Criminal Code of Practice, sec. 39), and the plaintiff was required to go no further in anticipation of defenses, or to forestall presumptions, than to negative the grounds given by the officer as the basis of his action in imposing restraint upon the plaintiff. The petition here does not contain the averments necessary to present a case of mistreatment of a prisoner lawfully arrested by failure forthwith to take him before a magistrate as required by the Criminal Code.

It is unnecessary, therefore, to determine whether the constable and his surety are liable for the acts of a deputy who violates section 46 of the Criminal Code of Practice respecting the disposition of a prisoner lawfully apprehended. The petition stated a good cause of action against the deputy constable, but failed to state the facts essential to constitute a cause of action against the other defendants.

The judgment is affirmed.