## Commonwealth, for Use and Benefit of Coombs, v. Vincent, Sheriff, et al.

Feb. 27, 1940.

Doyle Willis, Judge.

C. A. Denny for appellant.

Sparks & Sparks and Woodward, Dawson & Hobson for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On March 19, 1937, L. A. Jones, deputy sheriff of Muhlenberg county, shot and killed Clifton Coombs while attempting to arrest him. Pink Coombs qualified as administrator of the estate of Clifton Coombs and brought an action against L. A. Jones, Janie L. Vincent, sheriff of Muhlenberg county, and the Ohio Casualty Insurance Company, the surety on her bond, to recover damages for the death of his intestate. The court

sustained the demurrer of the sheriff and her surety to plaintiff's petition, the plaintiff amended his petition, and the demurrer to the petition as amended was sustained. The plaintiff declined to plead further, his petition as amended was dismissed as to the sheriff and the surety on her bond, and he has appealed.

The petition alleged, in substance, that the defendant Janie L. Vincent was, on March 19, 1937, the duly elected, qualified and acting sheriff of Muhlenberg county, and that on December 28, 1936, she had executed the regular official bond as required by law to the Commonwealth of Kentucky in the penal sum of $10,000 with her codefendant Ohio Casualty Insurance Company as surety thereon. After stating that the defendant L. A. Jones had been appointed deputy sheriff by the defendant Janie L. Vincent, and that he had qualified and was acting as such on March 19, 1937, the petition continued that the defendant L. A. Jones, "while acting as Deputy Sheriff for his Principal, Janie L. Vincent as Sheriff aforesaid, did shoot, kill and slay his decedent, Clifton Coombs, with a pistol, a deadly weapon, while allegedly attempting to arrest him; that at the time he was acting without a warrant, that his decedent had committed no felony in said defendant's presence or at all, nor was he assaulting said defendant or in any way putting said defendant in danger, or causing him to fear; that said shooting and killing was unlawful, unjustifiable and wholly cruel and uncalled for." The bond referred to in the petition reads:

"We, Janie L. Vincent, Principal and The Ohio Casualty Insurance Company of Hamilton, Ohio, surety hereby covenant to and with the Commonwealth of Kentucky in the penal sum of Ten Thousand and no/100 ($10,000.00) that the said Janie L. Vincent, Sheriff of Muhlenberg County shall by herself and deputies well and truly discharge all of the duties of said office, and pay over to such persons and at such times as they may be respectively entitled to the same, all moneys that may come into her hands as Sheriff."

The amended petition alleged, in substance, that the decedent, Clifton Coombs, was at the schoolhouse at Hillside in Muhlenberg county about 1:30 p. m. on the day he was killed, and, at that time, was drunk. Some-

one called the defendant Janie L. Vincent at her office in the courthouse in Greenville, Kentucky, and informed her of the condition and location of the decedent and requested her to have him arrested, and thereupon she sent two of her deputies, Claude Jones and her codefendant L. A. Jones, to the scene of the disturbance for the purpose of arresting the decedent, and when the said deputies reached the schoolhouse at Hillside the decedent had gone to the home of one Edwards nearby where they located him; that the said deputy sheriffs saw him and knew he was under the influence of whisky and when they undertook to arrest him he ran; that the defendant L. A. Jones commanded him to stop, and when he failed to do so Jones shot him in the back and killed him. The sole question presented is the propriety of the court's ruling in sustaining the demurrer to the petition as amended.

It will be observed that the defendant L. A. Jones attempted to arrest the decedent without reasonable grounds for believing that the decedent had committed a felony. No offense had been committed in the officer's presence, since the decedent, when he was seen by the officers, was in a private dwelling. There is no statute making it a misdemeanor to be drunk under such circumstances. Lewis v. Commonwealth, 197 Ky. 449, 247 S. W. 749. A peace officer may make an arrest (1) in obedience to a warrant of arrest delivered to him, and (2) without a warrant, when a public offense is committed in his presence or when he has reasonable grounds for believing that the person arrested has committed a felony. Criminal Code of Practice, Section 36. An officer cannot make a lawful arrest under any other circumstances. As an original proposition, the question posed by the present appeal is not without difficulty, but, beginning with Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, 799, L. R. A. 1915E, 172, which was decided by a divided court, this court, in a long line of decisions, has held that a sheriff and the sureties on his bond are only liable for the acts of a deputy sheriff when the latter acts officially, and that a deputy sheriff is not acting within his official capacity when he makes an arrest not authorized by law. In Jones v. Van Bever, supra, the sheriff of Bell county was sued for the action of his deputies in arresting Jones at a time when he had committed no offense in the presence of the deputy sheriffs

and when they had no warrant for his arrest and no reasonable ground to believe he had committed a felony. The demurrer to the petition was sustained and the judgment dismissing the petition was affirmed. The averments of the petition were similar to the averments of the petition as amended in the present case. After reviewing a number of decisions of this and other courts, it was said in the opinion:

> "It will thus be seen that the test as to whether the officer is acting by virtue of his office is whether he is armed with a valid writ, or has authority to make the arrest without a writ, under a statute. If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is, at the time, no statute which authorizes the act to be done without a writ, then the officer is not acting by virtue of his office."

The opinion concludes:

> "From this uniform line of authority we find the rule to be thoroughly established that, in order to render the sheriff liable for the act of his deputy, the act of the deputy must be done by virtue of his office as deputy; and, in order for the deputy's act to have that character, it must be done in an attempt to serve or execute a writ or process, and as a means to that end, or in acting under a statute giving him the right to arrest without a warrant; otherwise he is acting as an individual. In other words, when a deputy sheriff, although he assumes to act as such, commits a wrong under circumstances where the law does not impose a duty on him to act at all, the wrong is not a violation of any official duty, and is not embraced within the sponsorship of his principal."

The decision in Jones v. Van Bever, supra, was followed by the decision in Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 169, 3 A. L. R. 1619, wherein Taylor sued Shields and Shore, members of the police force of Louisville, and the surety on the bond of each of the policemen for his wrongful arrest. It was alleged in the petition as amended that, at the time he was arrested, plaintiff had not committed an offense in or out of the presence of the officers; that neither of the officers had

reasonable grounds to believe plaintiff had committed a felony; and that he was arrested without a warrant. The surety's demurrer to the petition as amended was sustained, and the judgment dismissing the petition as to it was affirmed. In the opinion it was said:

> "In order for the surety to become liable on the bonds of Shields and Shore, their acts must have been done by virtue of their office as policemen, and in order for their acts to have been so done, the acts must have been done in attempting to serve or execute a writ or process, or as a means to that end, or in acting under a statute giving them the right to arrest without a writ of process. If they acted otherwise, and without a writ, or other process, and without Taylor having committed a public offense in their presence, then they acted as individuals and not as officers. If they acted on their individual responsibility they are liable for the trespass as individuals, but the surety on their official bond is not liable, because the act was not an official act, or done by virtue of their offices."

The rule announced in Jones v. Van Bever and Taylor v. Shields, supra, has been approved in numerous decisions of this court. Fidelity & Casualty Company of New York v. Maddox, 262 Ky. 109, 89 S. W. (2d) 863; Goins v. Hudson, 246 Ky. 517, 55 S. W. (2d) 388; McMahan's Adm'x v. Draffen, 242 Ky. 785, 47 S. W. (2d) 716; Reed v. Philpot's Adm'r, 235 Ky. 429, 31 S. W. (2d) 709; Hogg v. Lorenz, 234 Ky. 751, 29 S. W. (2d) 17; Ratliff v. Stanley, 224 Ky. 819, 7 S. W. (2d) 230; Young v. Amis, 220 Ky. 484, 295 S. W. 431; Brittain v. United States Fidelity & Guaranty Company, 219 Ky. 465, 293 S. W. 956; Blanton v. Reed, 217 Ky. 533, 290 S. W. 347; Fidelity & Deposit Company of Maryland v. Hall, 215 Ky. 36, 284 S. W. 426; Lewis v. Treadway, 211 Ky. 140, 277 S. W. 309; Fidelity & Casualty Company of New York v. White, 209 Ky. 402, 272 S. W. 902. In Fidelity & Casualty Company of Maryland v. Sally, 237 Ky. 136, 35 S. W. (2d) 7, the surety on the official bond of a policeman of the city of Hazard was held liable for the act of its principal in making an unlawful arrest. Taylor v. Shields, supra, and similar cases, were relied upon in support of the claim that the demurrer to the petition should have been sustained as to the surety, but it was

held that those cases had no application because of the provisions of Section 3508, Kentucky Statutes, which is a part of the charter of cities of the fourth class and Hazard belonged to that class. That section, in addition to requiring the execution of a bond by a police officer to the effect that the officer will faithfully discharge all the duties of the office and pay over all sums of money that may come into his hands to the person entitled thereto, contains this provision:

> "And for any unlawful arrest, or unnecessary or cruel treating or assault in making an arrest, they and their sureties shall be liable to the person so injured on said bond."

There is no such provision in the statute prescribing the form of a sheriff's official bond and no such provision was written into the bond in the instant case. Also see Rice v. Lavin, 199 Ky. 790, 793, 251 S. W. 990.

Appellee cites only Johnson v. Williams, 111 Ky. 289, 63 S. W. 759, 23 Ky. Law Rep. 658, 54 L. R. A. 220, 98 Am. St. Rep. 416, and relies upon it as authority for his contention that the sheriff and the surety on her official bond are liable for the unlawful act of her deputy. As pointed out in Jones v. Van Bever, supra, however, liability in Johnson v. Williams, supra, was rested upon the fact that the officers acted under a warrant which made their acts official acts. The rule announced in Jones v. Van Bever, supra, has been in effect and consistently followed for approximately twenty-five years, and, no doubt, there are numerous bonds in force which were executed on the faith of that and subsequent decisions, and we are not disposed to change the rule now. It may be noted in passing that the Legislature has not seen fit in prescribing the form of the bond to be executed by a sheriff to add the provisions applicable to bonds of policemen of cities of the fourth class. Our conclusion is that the petition as amended failed to state a cause of action against the defendants Janie L. Vincent, sheriff, and Ohio Casualty Insurance Company, and the action of the trial court in sustaining their demurrer thereto was proper.

The trial court overruled the demurrer of the defendant L. A. Jones, but in the statement of appeal he has been named as appellee. The appeal as to him is dismissed, and the judgment is affirmed.