## Massey v. Standard Acc. Ins. Co.

Oct. 10, 1939.

24

Harman, Francis & Hobson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On May 1, 1936, C. F. Quillen, marshal of Hellier, a city of the fifth class, executed bond pursuant to Section 3621, Kentucky Statutes, in the penal sum of $1,000. The Standard Accident Insurance Company signed the bond as surety. On July 2, 1937, George Massey brought this action against Quillen and the surety on his official bond to recover the sum of $1,000 for injuries allegedly caused by an unlawful assault by Quillen while acting in his official capacity. It was alleged in the petition that Quillen procured a warrant for the arrest of the plaintiff on a charge of drunkenness, and while executing the warrant, wrongfully and unlawfully assaulted, beat, and bruised the plaintiff, thereby seriously and permanently injuring him. In an amended petition the allegation that Quillen was proceeding under a warrant of arrest when the alleged injuries were inflicted was withdrawn, and it was alleged that Quillen claimed "that plaintiff was drunk in his presence and was violating the law in his presence when he struck and beat and imprisoned him as stated in the petition." At the conclusion of plaintiff's evidence, a motion for a peremptory instruction in favor of the surety, Standard Accident Insurance Company, was sustained, and the plaintiff has appealed.

The plaintiff testified, in substance, that he went to the town of Hellier on the day he was assaulted by Quillen, and was sitting in front of the city hall when Quillen approached him and said: "You are going to have to do something with that bull dog up there." An argument over the dog ensued, and then Quillen accused

him of lying a few days before concerning the where-abouts of his son for whom Quillen had a warrant of arrest. According to plaintiff's testimony, Quillen called him a damn liar and then struck him with a club without any provocation on his part. He had committed no offense, and Quillen did not claim that he was drunk or had committed any other offense in his presence. The only other witness introduced was Ed Hall, who was present when the difficulty occurred. He merely corroborated the plaintiff. The plaintiff's own testimony · shows conclusively that the acts of Quillen of which he complains were not his official acts or acts done by virtue of his office. There was bad feeling between the men, and Quillen was merely acting in his private capacity and not his official capacity when he assaulted the plaintiff. The assault was the result of a personal altercation between them. As was said in Fidelity & Casualty Company of New York v. White, 209 Ky. 402, 272 S. W. 902, 904:

"An official bond, whether it be that of a police officer or of any other person holding a public office, is designed to protect the public against his official misconduct. It is not designed to protect the public against his private misconduct."

We have held in a long line of decisions that the surety on the official bond of a peace officer is not liable for the misconduct of the officer when acting in his private and not his official capacity. Some of the cases so holding are Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 3 A. L. R. 1619; Lewis v. Treadway, 211 Ky. 140, 277 S. W. 309; Hogg v. Lorenz, 234 Ky. 751, 29 S. W. (2d) 17; Reed v. Philpot's Adm'r, 235 Ky. 429, 31 S. W. (2d) 709; Goins v. Hudson, 246 Ky. 517, 55 S. W. (2d) 388; Fidelity & Casualty Company of New York v. Maddox, 262 Ky. 109, 89 S. W. (2d) 863. The present case falls within the rule announced in these cases.

The judgment is affirmed.