William **CORNETT**, Appellant,

v.

A. B. **CHANDLER**, Governor, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Barney W. Baker, Calvin Manis, Hazard, for appellant.

Morton Holbrook, Owensboro, for appellee.

SIMS, Judge.

This is an appeal by William Cornett, Sheriff of Perry County, from an order entered under KRS 63.110 by Hon. A. B. Chandler, Governor of Kentucky, removing Cornett from office for neglect of duty.

There is little contrariety in the evidence. In open court in Hazard, Hon. John Y. Brown, an attorney representing two men accused of murder, made a motion that Hon. Courtney C. Wells, Judge of the Perry Circuit Court, vacate the bench in that case. Judge Wells, Mr. Brown, Sheriff Cornett, the other attorneys in the case and various court attendants retired to the chambers of the judge to consider this motion.

Judge Wells and Mr. Brown engaged in a heated argument as to the truth of certain statements incorporated in the affidavit filed in support of the motion. Mr. Brown made a statement to the effect that Judge Wells would not question his veracity if he were not protected by an armed sheriff. At this point, Sheriff Cornett struck Mr. Brown on the head with his fist and knocked him unconscious.

This incident occurred February 25, 1957. On May 10, 1957, Governor Chandler issued an order under KRS 63.100 charging Sheriff Cornett with "neglect of duty" in assaulting Mr. Brown. This charge was supported by the affidavits of four witnesses. The Governor's order also stated the charge required a hearing of considerable time and it was impracticable for the Governor to conduct the hearing personally. The Governor then appointed three distinguished members of the Kentucky Bar, Hon. George S. Wilson, Hon. Thomas S. Dawson and Hon. Ernest Fulton, as Special Commissioners to hear the case and make recommendations to him.

The Special Commissioners after hearing all the evidence recommended that Sheriff Cornett be removed from office. By executive order dated November 22, 1957, Governor Chandler adopted the report of the Commissioners and ordered William Cornett removed as Sheriff of Perry County. The order recited the Governor had considered the evidence taken at the hearing and the report of the Special Commissioners in making his decision.

Appellant urges three grounds for reversal of this executive order: 1. Under KRS 63.110 the Governor himself had to conduct the hearing; 2. the venue of the case was in Perry County, where the incident occurred, not in Franklin County, where the hearing was held; 3. the act of Sheriff Cornett in assaulting Mr. Brown was a private act and so not in neglect of his official duty.

It is provided in KRS 63.110: "The case shall be heard before the Governor on oral testimony or by depositions, as the Governor may direct." Appellant argues this requires the Governor to personally conduct the hearing and that he cannot delegate such power to a commission; therefore, the Governor's action in referring this matter to the Commissioners to hear proof and make a recommendation was illegal.

The removal of a peace officer by the Governor is merely an executive or administrative proceeding and does not make the Governor a special court to hear the case. Holliday v. Fields, 207 Ky. 462, 269 S.W. 539. The Governor may make reasonable delegations of his executive or administrative duties. Estes v. State Highway Commission, 235 Ky. 86, 29 S.W.2d 583.

The Governor is given the power by KRS 63.110 to hear these cases on depositions. The record of the proceedings before the Special Commissioners is similar to a deposition. The Governor was not bound by the recommendation of the Commissioners, but could consider it along with the proof and the record made in the matter. Therefore, in effect the hearing was conducted by the Governor as required by statute.

Actions brought against a public officer for neglect of official duty are required by KRS 452.405 to be brought in the county where the cause of action, or some part thereof, arose. Appellant argues this required the hearing in this case to be held in Perry County where the incident happened, rather than in Franklin County where the hearing was actually held. Certain words used in our statutes are defined by KRS 446.010 which says: "'Action' includes all proceedings in any court of this state." As pointed out above, removal of peace officers is an executive or administrative function, not a judicial one, so KRS 452.405 does not apply in this case. The Governor may hold the hearings in these cases wherever he desires. It is only natural that the hearing be held in the state capital, where the Governor has his office.

Neglect of duty under KRS 63.090 includes: "(1) The commission of a trespass or wrongful act in the performance of official duty, * * * (4) willful neglect and such forms of misfeasance or malfeasance as involve a failure in the performance of the duties required by law; (5) careless or intentional failure to exercise due diligence in the performance of official duty." The Governor may remove any peace officer guilty of neglect of duty. KRS 63.100(1).

Appellant insists his act in striking Mr. Brown was a private act since his presence was not required in the judge's chambers and he had not been ordered to arrest Mr. Brown. He relies on Holliday v. Fields, 210 Ky. 179, 275 S.W. 642, and Taylor v. Shields, 183 Ky. 669, 210 S.W. 168, 3 A.L.R. 1619.

In this Holliday case, the sheriff of Perry County was charged with drunkenness, gambling, running all the customers out of a pool hall and beating one of the customers, and keeping some of the money paid to him as salaries for two deputies. The latter charges were dismissed as being supported by the affidavit of only one witness when the statute requires two. KRS 63.-100. The other charges were disposed of on the grounds they were only supported by the affidavit of one witness, or occurred before the effective date of the act, or were merely personal misconduct.

The Taylor case involved a damage suit against two policemen for assaulting the plaintiff without legitimate reason. This court said the policemen in that case were not acting in their "official duty."

Those cases are distinguishable from the one at hand. Here, the sheriff had an official duty to perform. It is provided in KRS 70.140: "The sheriff shall, by himself or deputy, attend and keep order in the circuit, county, fiscal and quarterly courts and shall obey the orders of said courts." Sheriff Cornett certainly was not keeping order in the court when he assaulted an attorney who was arguing a motion before the court. That is the type of conduct which the sheriff is supposed to prevent. Therefore, we conclude Sheriff Cornett was guilty of neglect of duty in that he let his personal feelings overcome his statutory duty to maintain order in the court.

The executive order of November 22, 1957, removing William Cornett from office as Sheriff of Perry County is affirmed.