**Harry STUART, Chief of Police of Campbell County, Appellant,**

v.

**Bert COMBS, Governor of the Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 22, 1962.

As Modified on Denial of Rehearing Oct. 5, 1962.

Joseph J. Leary, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, Harry Stuart, has been removed from the office of Chief of Police of Campbell County by an executive order of the Governor of Kentucky pursuant to the provisions of KRS 63.110. His removal was based upon a finding that he was guilty of neglect of duty as defined in KRS 63.090. Specifically, the Governor found that "[t]he evidence is overwhelming * * * that there was flagrant and notorious viola-

tion of the laws, especially the gambling laws, in the incorporated towns" of Campbell County. He further determined that Stuart, whose jurisdiction under KRS 70.-540 was coextensive with the county, knew or should have known of these violations.

■ In seeking to have the Governor's order cancelled appellant relies upon an order of the Campbell County Court which reads:

"It is ordered that the Campbell County Patrol Headquarters be established at the Court House, at Alexandria. Kentucky, in quarters heretofore provided by the Fiscal Court and that said County Patrol regularly patrol the unincorporated area of the County insofar as personnel will permit.

"It is further ordered that said department shall assist the police departments of the incorporated areas whenever called upon by the chief of police of the incorporated areas, if personnel permits."

Appellant argues that since he diligently executed this order his failure to enforce the law within the incorporated areas of Campbell County does not constitute neglect of duty.

We will assume that the Campbell County Court had authority to issue reasonable orders to obtain the most beneficial result from its patrol. However, such orders cannot relieve appellant of his statutory duty to enforce the law throughout all areas of Campbell County and, therefore, do not preclude the Governor from removing from office a peace officer whom the Governor has found to be guilty of neglect of his official duties. Hence, appellant's contention to the contrary is without merit.

■ Appellant insists that KRS 63.090 (5) unconstitutionally enlarges the scope of the term "neglect of duty" as used in Section 227 of the Kentucky Constitution and he relies on Holliday v. Fields, 210 Ky. 179, 275 S.W. 642, which criticized the original statutory definitions of neglect of duty. However, we observe that the definition in KRS 63.090(5) is the one stated in the Holliday case to be constitutionally acceptable. Moreover, in Frederick v. Combs, Ky., 354 S.W.2d 506 and in Cornett v. Chandler, Ky., 307 S.W.2d 918 we affirmed orders of the Governor removing from office certain peace officers who failed to perform their statutory duties. We find no reason to depart from these decisions.

While we are not unsympathetic with respect to the appellant's predicament, when he chose to obey an order of his superior which he construed as requiring him to neglect the duties imposed on him by the statutes he assumed the risk of the consequences. Any other conclusion would invite subterfuge and conduce to rule by men rather than by laws.

The order is affirmed.

BIRD, J., dissenting.